LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs, FLSA Collective
Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

JUAN R. VICENTE,
JUAN ZAMORA and
LUIS BENITEZ,
*on behalf of themselves, FLSA Collective Plaintiffs
and the Class*,

    Plaintiffs,

    v.

LJUBICA CONTRACTORS LLC and
PREDRAG JANKOVIC,

    Defendants.

Case No.: 18-CV-419

FIRST AMENDED
CLASS AND COLLECTIVE
ACTION COMPLAINT

Jury Trial Demanded

---

Plaintiffs, JUAN R. VICENTE, JUAN ZAMORA and LUIS BENITEZ ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby files this First Amended Class and Collective Action Complaint against Defendants, LJUBICA CONTRACTORS LLC ("Corporate Defendant"), and PREDRAG JANKOVIC (the "Individual Defendant," and together with Corporate Defendant, "Defendants") and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid wages (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further alleges that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid overtime compensation, (2) unpaid wages, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff JUAN R. VICENTE is a resident of Bronx County, New York.

6. Plaintiff JUAN ZAMORA is a resident of Queens County, New York.

7. Plaintiff LUIS BENITEZ is a resident of Queens County, New York.

8. Corporate Defendant LJUBICA CONTRACTORS LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 150 E 56th Street, New York, New York 10022. Defendants operate their construction business through LJUBICA CONTRACTORS LLC.

9. Individual Defendant PREDRAG JANKOVIC is an owner and operator of Corporate Defendant. PREDRAG JANKOVIC exercised control over the employment terms and

conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. PREDRAG JANKOVIC had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to PREDRAG JANKOVIC directly regarding any of the terms of their employment, and PREDRAG JANKOVIC would have the authority to effect any changes to the quality and terms of employees' employment. PREDRAG JANKOVIC directly reprimanded any employee who did not perform his duties correctly. PREDRAG JANKOVIC exercised functional control over the business and financial operations of Corporate Defendant.

10. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

11. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including but not limited to general construction workers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay

them (i) overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek and (ii) wages for weeks worked but were uncompensated. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including general construction workers, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number

4

are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18.     Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay compensation for weeks worked, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiffs and Class members within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;

(d) Whether Defendants properly notified Plaintiffs and Class members of their regular hourly rate and overtime rate;

(e) Whether Defendants paid Plaintiffs and Class members the proper overtime compensation at the premium rate of one and one-half times the regular rate of pay, under the New York Labor Law;

(f) Whether Defendants paid Plaintiffs and Class members their wages for all hours worked;

(g) Whether Defendants provided proper wage statements to Plaintiffs and Class members per requirements of the New York Labor Law; and

(h) Whether Defendants provided proper wage and hour notices to Plaintiffs and Class members per requirements of the New York Labor Law.

## STATEMENT OF FACTS

23. Plaintiff JUAN R. VICENTE:

(a) In or around April 2015, Plaintiff JUAN R. VICENTE was hired by Defendants to work as a general construction worker for Defendants' "Ljubica Contractors" construction business. He was hired directly by Defendant PREDRAG JANKOVIC. In or around

November 2016, Plaintiff JUAN R. VICENTE quit working for Defendants when Defendants failed to compensate Plaintiff JUAN R. VICENTE for weeks that he worked.

  (b) At all relevant times, Plaintiff JUAN R. VICENTE was regularly scheduled to work forty-eight (48) to fifty-six (56) hours per week from 8:00am to 4:00pm for six (6) to seven (7) days per week. However, Plaintiff JUAN R. VICENTE was required to work until anytime from 8:00pm to 10:00pm at least four (4) times per week. Plaintiff worked with a thirty (30) minute lunch break.

  (c) At all relevant times, Plaintiff JUAN R. VICENTE was compensated on a daily fixed salary of $120 per workday, for a total of $720 to $840 per workweek, regardless of actual hours worked. There was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff JUAN R. VICENTE. Other non-exempt employees were similarly paid on an illegal fixed salary basis and were not compensated for their overtime premium of time and a half for all hours worked over forty.

24. Plaintiff JUAN ZAMORA:

  (a) In or around January 2016, Plaintiff JUAN ZAMORA was employed by Defendants to work as a general construction worker for Defendants' "Ljubica Contractors" construction business. He was hired directly by Defendant PREDRAG JANKOVIC. In or around September 2016, Plaintiff JUAN ZAMORA quit working for Defendants when Defendants failed to compensate Plaintiff JUAN ZAMORA for approximately four (4) weeks that he worked.

  (b) At all relevant times, Plaintiff JUAN ZAMORA was regularly scheduled to work forty-eight (48) to fifty-six (56) hours per week from 8:00am to 4:00pm for six (6) to seven (7) days per week. However, Plaintiff JUAN ZAMORA was required to work until anytime from

8:00pm to 10:00pm at least four (4) times per week. Plaintiff worked with a thirty (30) minute lunch break.

(c) At all relevant times, Plaintiff JUAN ZAMORA was compensated on a daily fixed salary of $160 per workday, for a total of $960 to $1120 per workweek, regardless of actual hours worked. There was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff JUAN ZAMORA. Other non-exempt employees were similarly paid on an illegal fixed salary basis and were not compensated for their overtime premium of time and a half for all hours worked over forty.

25. Plaintiff LUIS BENITEZ:

(a) In or around June 2014, Plaintiff LUIS BENITEZ was employed by Defendants to work as a general construction worker for Defendants' "Ljubica Contractors" construction business. On or about December 31, 2016, Plaintiff LUIS BENITEZ quit working for Defendants when Defendants failed to compensate him for four (4) weeks that he worked.

(b) At all relevant times, Plaintiff LUIS BENITEZ was regularly scheduled to work forty-eight (48) to fifty-six (56) hours per week from 8:00am to 4:00pm for six (6) to seven (7) days per week. However, Plaintiff LUIS BENITEZ was required to work until anytime from 8:00pm to 10:00pm at least four (4) times per week. Plaintiff worked with a thirty (30) minute lunch break.

(c) From the start of Plaintiff LUIS BENITEZ's employment with Defendants until in or around October 2014, Plaintiff LUIS BENITEZ was compensated on a daily fixed salary of $120 per workday, for a total of $720 to $840 per workweek, regardless of actual hours worked. From in or around October 2014 until the end of Plaintiff LUIS BENITEZ's employment with Defendants, Plaintiff was compensated on a daily fixed salary of $150 per workday, for a total of $900 to $1050 per workweek, regardless of actual hours worked. At all relevant times, there was never any

understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff LUIS BENITEZ. Other non-exempt employees were similarly paid on an illegal fixed salary basis and were not compensated for their overtime premium of time and a half for all hours worked over forty.

26.     From in or around July 2016, Individual Defendant PREDRAG JANKOVIC failed to compensate Plaintiffs, FLSA Collective Plaintiffs and Class members on a weekly basis, and started to pay them once every three weeks to one month. Eventually, Defendants failed to compensate them for any of their weeks worked, which led to Plaintiffs quitting Defendants' construction business. Based on their observations and conversations with other employees, all FLSA Collective Plaintiffs and Class members were similarly not paid for several weeks of work.

27.     At all relevant times, Defendants paid Plaintiffs either by check or by cash and failed to provide them with any wage statements.

28.     At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

29.     At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with proper wage and hour notices or wage statements as required by NYLL.

30.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of one and one-half times the regular rate of pay) or the New York State overtime rate (of one and one-half times the regular rate of pay) to Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

31. From in or around July 2016, Defendants knowingly and willfully operated their business with a policy of failing to compensate Plaintiffs, FLSA Collective Plaintiffs and Class members for weeks that they worked. As a result, Defendants failed to pay wages to Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked during the relevant time period, in violation of the FLSA and NYLL.

32. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members, in violation of the NYLL.

33. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs and Class members, in violation of the NYLL.

34. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

35. Plaintiffs reallege and reaver Paragraphs 1 through 34 of this First Amended Class and Collective Action Complaint as if fully set forth herein.

36. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

38. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

39. At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of one and one-half times the regular rate of pay to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

40. At all relevant times, Defendants had a policy and practice of failing to pay wages for all hours worked.

41. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs the proper overtime premium of one and one-half times the regular rate of pay for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

42. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

43. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

44. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation and unpaid wages, plus an equal amount as liquidated damages.

45. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

46. Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

47. Plaintiffs reallege and reaver Paragraphs 1 through 46 of this First Amended Class and Collective Action Complaint as if fully set forth herein.

48. At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

49. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50. Defendants knowingly and willfully violated Plaintiffs' and Class members' rights by failing to pay them for weeks worked since July 2016.

51. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiffs and Class members, as required by New York Labor Law § 195(1).

52. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiffs and Class members with every wage payment, as required by New York Labor Law § 195(3).

53. Due to Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime compensation, unpaid wages, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and NYLL;

d. An award of unpaid wages due under the FLSA and NYLL for uncompensated weeks worked;

e. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and wages due to time shaving pursuant to the FLSA;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and wages due to time shaving pursuant to the NYLL;

h. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiffs as Representatives of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: May 24, 2018

Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*