**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
JUAN R. VICENTE, et al.,                                              :
                                                                                    :
                Plaintiffs,                          :     No. 18-CV-0419 (VSB)(OTW)
                                                                                    :
           -against-                            :     __OPINION AND ORDER__
                                                                                    :
LJUBICA CONTRACTORS LLC, et al.,                      :
                                                                                    :
              Defendants.                         :
                                                                                    :
                                                                                    :
------------------------------------------------------------x

     **ONA T. WANG, United States Magistrate Judge**:

     This Court issued an Order to Show Cause (ECF 37) on December 19, 2018, ordering Defendants to show cause by December 28, 2018, why they and/or their counsel of record, John P. DeMaio, should not be sanctioned for repeated failures to attend Court-ordered conferences and repeated failures to comply with this Court's orders. Plaintiffs filed a motion for sanctions on December 28, 2018, seeking Plaintiffs' legal fees and costs for attending three Court conferences where Defendants had failed to appear (or appeared belatedly telephonically), and seeking the additional sanction of striking Defendants' answers. To date, Defendants have neither responded nor opposed Plaintiffs' sanctions motion.

     For the reasons stated below, Plaintiffs' motion is **GRANTED** to the extent it seeks the imposition of monetary sanctions against Defendants and their counsel. Plaintiffs' request that the Court strike Defendants' Answers is **DENIED**; however, Plaintiffs shall file a motion for summary judgment on the following schedule: Plaintiffs' motion is due June 28, 2019, Defendants' opposition papers are due July 29, 2019, and Plaintiffs' reply papers are due August 19, 2019.

I.      **Background**

A.      **Initial Pleadings**

Plaintiffs filed their initial complaint on January 17, 2018. (ECF 1). At the time, the individual defendant owner of Defendant Ljubica Contractors LLC was identified only as "Pedro [LNU]." (*Id.*). Ljubica Contractors was served by service on the Secretary of State on February 12, 2018, and its answer was due on March 5, 2018. (ECF 6). On March 21, 2018, Ljubica Contractors, by its counsel, John DeMaio, filed its answer. (ECF 7).

Three individuals filed their Consent to Sue Under the Fair Labor Standards Act forms on March 23, 2018. (ECF 8, 9, 10). In response, Mr. DeMaio filed a one-sentence letter which stated, "All Consents to Sue are rejected as untimely and legally insufficient." (ECF 11).

B.      **April 6, 2018 Order**

On April 6, 2018, Judge Broderick issued an Order scheduling an initial pretrial conference on May 17, 2018. (ECF 12). The Order informed the parties of Judge Broderick's intent to refer the matter to a Magistrate Judge for settlement. (*Id.*). The Order also directed the parties to submit a joint letter and proposed case management plan by May 10, 2018, and to exchange limited discovery (including payroll records, time sheets, and proof of financial condition) in aid of settlement by April 27, 2018. (*Id.*).

C.      **April 18, 2018 Conference and Order**

On April 9, 2018, this matter was referred to the undersigned for settlement, and on April 18, 2018, the parties' counsel – including Mr. DeMaio – appeared for a telephonic conference to schedule a settlement conference. Mr. DeMaio participated in the telephonic conference with no incident. After the telephonic conference, the Court issued an Order reminding the parties to

comply with Judge Broderick's prior Order directing the parties to exchange limited discovery by April 27, 2018; the parties were also directed to appear for an in-person settlement conference on May 15, 2018, with the hope that the matter could be resolved before the parties' initial case management conference before Judge Broderick, scheduled for May 17, 2018. (ECF 12, 15). All of the items in the April 18, 2018 Order were discussed on the earlier telephonic conference with both counsel present.

### D.       May 4, 2018 Filings

Unfortunately, matters devolved rapidly in early May. On the afternoon of May 4, 2018, Defendant Ljubica, by Mr. DeMaio, filed a "Motion to Withdraw Answer with Prejudice," that stated, in its entirety, "The Defendant Ljubica Contractors by its Attorney John De Maio, hereby withdraws its Answer with Prejudice." (ECF 16). Approximately two hours later, Plaintiffs' counsel filed a letter motion directed to the district judge, Judge Broderick, seeking to amend the Complaint to add the name of the individual defendant, Predrag Jankovic. (ECF 17). Minutes later, Plaintiffs' counsel filed a letter directed to the undersigned informing the Court that Defendants had not complied with Judge Broderick's prior order directing the parties to exchange limited discovery in aid of settlement by April 27, 2018 and that Plaintiffs had been unable to reach Defendants' counsel. (ECF 18).

### E.       May 15, 2018 Order to Show Cause

After the filings on May 4, 2018, the Court issued an Order to Show Cause directing the Defendants to show cause by May 15, 2018 why the undersigned should not recommend to Judge Broderick that sanctions, including the entry of a default judgment, be awarded. (ECF 19). The May 15, 2018 settlement conference was also adjourned. (*Id.*). In the Order to Show Cause, the

Court noted that Defendant Ljubica Contractors failed to provide *ex parte* settlement submissions one week before the Settlement Conference.[1] Defendants did not respond to the Order to Show Cause.

###### F.      May 17, 2018 Initial Pretrial Conference

As directed by Judge Broderick's April 6, 2018 Order, Plaintiffs' counsel filed a letter and a proposed case management plan on May 10, 2018. (ECF 20). Plaintiffs' letter noted that attempts to reach Mr. DeMaio for Defendants' portion of the letter were unsuccessful. (*Id.*). Judge Broderick held the initial pretrial conference on May 17, 2018. Plaintiffs' counsel appeared, but Defendants' counsel failed to appear. At the conference, Judge Broderick granted Plaintiffs' motion to amend. (ECF 21). Judge Broderick also reminded Defendant Ljubica Contractors that corporate entities must be represented by counsel and may not proceed *pro se*.

###### G.      Amended Complaint and Defendant Jankovic's Answer

Plaintiffs filed the Amended Complaint on May 24, 2018 and although the docket is unclear whether or when Defendant Jankovic was served, Mr. DeMaio filed an Answer on Mr. Jankovic's behalf on July 20, 2018. (ECF 26). The docket also reflects that Defendant Ljubica Contractors was served with the Amended Complaint by service on the New York Secretary of State on June 14, 2018. (ECF 30). Defendant Ljubica Contractors has not filed an Answer to the Amended Complaint. The only difference between the original Complaint and the Amended Complaint is that Defendant "Pedro [LNU]" was changed to "Predrag Jankovic."

---

[1] On May 7, 2018, after being reminded of the obligation to provide settlement submissions, Mr. DeMaio sent a non-responsive *ex parte* email to the Court stating only, "I represent the Defendant Ljubica Contractors LLC. I have previously withdrawn my answer with prejudice." (*Id.*, Ex. A).

### H.     September 13, 2018 Conference

Judge Broderick thereafter issued an Amended Order referring the case to the undersigned for general pretrial matters, including scheduling, discovery, non-dispositive pretrial motions, and settlement. (ECF 29).

On August 1, 2018, the Court set an initial pretrial conference for September 13, 2018. (ECF 31). On September 7, 2018, Plaintiffs submitted a proposed case management plan, but the plan did not indicate whether Plaintiffs had consulted with Defendants. (ECF 32). Indeed, the proposed case management was signed by Plaintiffs' counsel, but not by Defendants' counsel. (*Id*.).

On September 13, 2018, the Court held a status conference. Plaintiffs' counsel appeared in person, but Defendants' counsel failed to appear. After waiting for Mr. DeMaio for approximately 15 minutes, the Court called his office and was able to reach him by telephone. During the conference, Plaintiffs' counsel represented that the parties had had a Rule 26 call earlier in September, during which they discussed the proposed case management plan. (September 13, 2018 Transcript at 3:5-7). Plaintiffs' counsel had emailed Mr. DeMaio the proposed case management plan immediately after the call for his signature but received no response. (*Id*. at 3:5-8). Mr. DeMaio responded that he had been in the hospital and did not recall having a Rule 26 call.[2] (*Id.* at 4:19-22). Mr. DeMaio apologized for missing deadlines and

---

[2]     THE COURT: And now we have a difference of opinion with two officers of the court representing to the Court that you were or were not on a Rule 26 call.
Mr. DeMAIO:  I'm not saying I was not, Judge. Honestly, I was on morphine and antibiotics and all kinds of other stuff then. I'm not representing one way or the other. I don't have a clear enough recollection.

(*See id*. at 4:19-22.)

scheduled conferences and affirmed that it would not happen again.[3] As the conference continued, Mr. DeMaio brought up the issue of his representation. Mr. DeMaio insisted that he no longer represented Ljubica Contractors because he had withdrawn the original Answer on behalf of Ljubica Contractors, (*Id*. at 7:5-10; 8:12-13), and had only answered the Amended Complaint on behalf of Mr. Jankovic. (*Id.* at 8:6-9). Finally, Defendants still had not exchanged limited discovery in aid of settlement as ordered by Judge Broderick. (ECF 12). Mr. DeMaio asked to have until October 19, 2018 to produce those documents. (September 13, 2018 Tr. at 7:13-25).

## I.    September 14, 2018 Order

In accordance with the rulings made on the record at the September 13, 2018 conference, the Court issued an Order on September 14, 2018, setting forth the following deadlines: Defendants to produce the limited discovery in aid of settlement by October 19, 2018; Mr. DeMaio to either file a motion to withdraw his appearance for Ljubica Contractors or file a letter stating he intends to proceed as counsel for the Ljubica Contractors by October 19, 2018; and Plaintiffs to file their motion for conditional collective certification by October 31, 2018. (ECF 33). The September 14, 2018 Order also directed the parties to order the transcript of the September 13, 2018 conference and share the cost. (*Id.*).

---

[3]      THE COURT: [A]s an attorney admitted to this Court, you are also expected to know what the dates are and to keep track of the docket, so –
Mr. DeMAIO: I agree, Your Honor, of which I apologize.
THE COURT: And my concern is that this is not the first time that it's happened.
Mr. DeMAIO: . . . I don't know what else to say other than I'm deeply sorry.
THE COURT: How about it won't happen again.
Mr. DeMAIO: Of course, Judge.

(*See id*. 4:23-25, 5:1-12.)

### J.       November 5, 2018 Order and the Parties' November 9, 2018 Joint Letter

The parties did not comply with these deadlines. Therefore, on November 5, 2018, the Court issued an Order directing the parties to file a joint status letter indicating their compliance with the Court's directives in the September 14, 2018 Order. (ECF 34).

On November 9, 2018, Plaintiffs filed a letter. (ECF 35). Plaintiffs noted that they provided the letter jointly with Defendants. In that letter, Plaintiffs informed the Court that Defendants did not provide any of the limited discovery in aid of settlement as directed by the Court's September 14, 2018 Order. Instead, on November 7, 2018, Defendants' counsel had represented to Plaintiffs' counsel that he would provide an affidavit on behalf of Mr. Jankovic that a search had been conducted and that no relevant documents were found. (*Id.*). Plaintiffs also notified the Court that Plaintiffs would not be filing a motion for conditional certification, instead requesting—on behalf of both parties—that the Court schedule a settlement conference. (*Id.*). The joint letter did not otherwise explain why neither party complied with the September 14, 2018 Order directing the parties to order the transcript and share the cost.

### K.       November 13, 2018 Order and December 18, 2018 Status Conference

On November 13, 2018, the Court issued an Order scheduling an in-person status conference for December 18, 2018. In that Order, the Court noted that Mr. DeMaio had failed to either file a motion to withdraw his appearance for Ljubica Contractors or to file a letter stating he intended to proceed as counsel for Ljubica Contractors, as directed by the Court's September 14 Order. (ECF 36). The Order also specifically directed "[c]ounsel for all parties . . . to attend the conference in person." (*Id.*).

At the December 18, 2018 status conference, Plaintiffs' counsel appeared in person, but Defendants' counsel did not appear. This time, efforts to reach Mr. DeMaio by phone were unsuccessful. The next day, the Court issued an Order to Show Cause, directing the Defendants to show cause by December 28, 2018, why sanctions should not be imposed on Defendants and/or Mr. DeMaio based on Fed. R. Civ. P. 16(f), 28 U.S.C. §1927, or the inherent powers of the Court. (ECF 37). The Court also granted leave for Plaintiffs to move separately for sanctions. (*Id.*). On December 26, 2018, Judge Broderick denied Defendant Ljubica Contractors' May 4, 2018 request to withdraw its Answer, noting that Defendant had provided no factual or legal support. (ECF 38).

### L.     Plaintiffs' Motion for Sanctions

On December 28, 2018, Plaintiffs filed the instant letter motion, requesting that the Court strike Defendants' Answer and impose sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent powers. (ECF 39). Specifically, Plaintiffs' letter motion seeks monetary sanctions against Mr. DeMaio in the form of reimbursement of legal fees for the hours Plaintiffs' counsel spent preparing for and appearing at conferences at which Mr. DeMaio failed to appear, as well as the time spent drafting the letter motion for sanctions. (*Id.*). To date, neither Defendants nor Mr. DeMaio have responded to Plaintiffs' letter motion for sanctions.

## II.    Analysis

### A.     Applicable Legal Standards

Plaintiffs seek sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent powers. Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct." The Court also has the inherent power to sanction parties and their attorneys. *See Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000). However, when conduct can be "adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).  Although not addressed by Plaintiffs, an award of sanctions under 28 U.S.C. § 1927 or the Court's inherent powers requires a finding of bad faith. *See Mahoney v. Yamaha Motor Corp.*, 290 F.R.D. 363, 367–68 (E.D.N.Y. 2013).

This Court's Order to Show Cause also identified Fed. R. Civ. P. 16(f) as a potential basis for sanctions. Rule 16(f) authorizes a court, "[o]n motion or on its own," to issue "any just orders" if a party or its attorney "fails to appear at a scheduling or other pretrial conference; is substantially unprepared to participate—or does not participate in good faith—in the conference; or fails to obey a scheduling or other pretrial order." *See Martinez v. New York City Health and Hosps. Corp.*, 15-CV-515 (ALC) (GWG), 2017 WL 6729296, at *3 (S.D.N.Y. Dec. 28, 2017) (quoting Fed. R. Civ. P. 16(f)(1)). Pretrial orders may take the form of written or oral orders. *See Rogue Wave Software, Inc. v. BTI Sys. Inc.*, 16-CV-7772 (VM)(KNF), 2017 WL 6805329, at *8 (S.D.N.Y. Dec. 15, 2017) (citing *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 388 (2d Cir. 1981) and *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 365 (2d Cir. 2003)); *Champion Intern. Corp. v. Liberty Mut. Ins. Co.*, 129 F.R.D. 63, 65–66 (S.D.N.Y. 1989).

According to Rule 16(f)(2), "instead of or in addition to any other sanction," the court "must order the [violating] party, its attorney, or both to pay reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award unjust." Fed.

9

R. Civ. P. 16(f)(2); *see Estate of Shaw v. Marcus*, No. 14-CV-3849 (NSR)(JCM), 14-CV-5653 (NSR)(JCM), 2017 WL 825317, at *4 (S.D.N.Y. March 1, 2017).

Sanctions may be awarded under Rule 16(f) without a finding of bad faith. *Mahoney*, 290 F.R.D. at 366–67 (quoting Fed. R. Civ. P. 16(f)(1)) (citing *Wright, Miller, Kane & Marcus*, § 1531). "The decision to impose sanctions 'is committed to the sound discretion of the district court and may not be reversed absent an abuse of discretion.'" *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 37 (S.D.N.Y. 2014) (quoting *Luft v. Crown Publishers, Inc.,* 906 F.2d 862, 865 (2d Cir.1990)).

### B.    Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Power

The Court declines to use impose sanctions under 28 U.S.C. § 1927 or its inherent authority because sanctions under Rule 16(f) provide a sufficient remedy.  *See Martinez v. New York City Health & Hosp. Corp.*, No. 15-CV-515 (GWG), 2017 WL 6729296, at *3 (S.D.N.Y. Dec. 28, 2017) ("Court in its discretion will rely solely on Rule 16(f) as it supports a sufficient sanction"); *Allen v. Tribune New York Newspaper Holdings, LLC*, 246 F.R.D. 465, 467 (S.D.N.Y. 2007) ("It is only when, 'in the informed discretion of the court, neither an applicable statute nor the rules are up to the task,' that a court 'may safely rely on its inherent power.'").

### C.    Sanctions Pursuant to Rule 16(f)

A review of the record and Mr. DeMaio's conduct makes clear that Defendants' and Mr. DeMaio's conduct merits sanctions under Rule 16(f). In less than nine months, Mr. DeMaio failed to appear for the following three scheduled court conferences:

- May 17, 2018 conference before Judge Broderick (ECF 12);

- September 13, 2018 conference before this Court (ECF 31);[4] and

- December 18, 2018 conference before this Court (ECF 36).[5]

Further, in addition to failing to appear at three court conferences, Mr. DeMaio and Defendants failed to comply with several pretrial orders. Specifically, Mr. DeMaio and Defendants violated the following pretrial orders in the following ways:

- April 6, 2018 Order:

    o Defendants did not exchange limited discovery in aid of settlement by April 27, 2018; and

    o Defendants did not meet and confer with Plaintiffs and submit a joint letter and proposed case management plan by May 10, 2018.

- April 18, 2018 Order:

    o Defendants did not provide *ex parte* settlement submissions one week before the scheduled Settlement Conference as required by this Court's Individual Rules of Practice in Civil Cases, and as directed in the telephone conference.

- September 14, 2018 Order:

    o Defendants did not produce the limited discovery in aid of settlement by October 19, 2018; and

---

[4] Although the Court was able to reach Mr. DeMaio by telephone for the September 13, 2018 conference, he was not prepared to participate. Indeed, Mr. DeMaio did not remember whether he had spoken with Plaintiffs' counsel about a proposed case management plan, which this Court's Individual Rules of Practice require be submitted one week before the Initial Pretrial Conference. (*See* September 13, 2018 Trans. at 4:19-22).

[5] At the September 13, 2018 conference, Mr. DeMaio told the Court that he would not miss another conference. (*See id*. 4:23-25, 5:1-12).

o Mr. DeMaio did not file a motion to withdraw his appearance for Ljubica

Contractors or file a letter stating he intends to proceed as counsel for the

Ljubica Contractors by October 19, 2018.

Mr. DeMaio has not demonstrated any substantial justification for these clear violations, and this

Court finds no other circumstance that makes imposing a sanction against him unjust.[6]

As a result of Defendants' conduct, this case has been at a standstill for a year and a

significant amount of Plaintiffs' and this Court's time has been wasted during court proceedings

attempting to move the case forward. Defendants' conduct has "prevented the efficient

prosecution of the case" and has "caused the Court and Plaintiff[s'] counsel to waste considerable

resources." *Macolor v. Libiran*, No. 14-CV-4555 (JMF), 2015 WL 337561, at *2 (S.D.N.Y. Jan. 23,

2015). Thus, this Court finds that an award of reasonable attorney's fees—compensating

Plaintiffs' counsel for their costs of preparation for and attendance at the May 17, 2018 and

December 18, 2018 conferences, as well as the attorney's fees and costs incurred in bringing the

instant motion for sanctions—is warranted.

In support of their motion, Plaintiffs have submitted time records of their attorneys

relating to the May 17, 2018 and December 18, 2018 conferences, as well as the time spent

drafting the instant motion for sanctions. Plaintiffs' counsel's hourly rates ($600 for Mr. C.K. Lee,

a partner, and $350 for Ms. Anne Seelig, an associate) are reasonable. (ECF 39, Ex. 1).  Mr. Lee

spent 1.5 hours preparing for and attending the December 18, 2018 status conference (and one

additional hour of travel time), and 2.6 hours drafting the motion for sanctions. (*Id.*). Ms. Seelig

---

[6] The Court notes that because it finds Rule 16(f) to be a sufficient basis for the sanctions it is awarding, the Court
has not addressed whether Defendants' and Defendants counsel's conduct was in bad faith.

spent 2 hours preparing for and attending the conference on May 17, 2018 (and one additional hour of travel time. (*Id.*). In this District, attorney travel time is generally compensated at 50 % of the attorney's reasonable billing rate. *See Siegel v. Bloomberg L.P.*, No. 13-CV-1351 (DF), 2016 WL 1211849, at *7 (S.D.N.Y. Mar. 22, 2016) (applying a 50% reduction to hourly rates for travel time is the "customary practice in this District").

Accordingly, this Court calculates Plaintiffs' reasonable attorneys' fees as follows: $875 for the May 17, 2018 conference ($700 for Ms. Seelig's time spent preparing for and attending the conference plus $175 in travel time), $1200 for the December 18, 2018 conference ($900 for Mr. Lee's time spent preparing for and attending the conference plus $300 in travel time), and $1560 for the time Mr. Lee spent drafting this motion for sanctions. To deter Mr. DeMaio from repeating his conduct in any other or future case, the Court concludes that joint and several liability is appropriate here. That is, the sanctions awarded herein shall be paid by Defendants and/or Mr. DeMaio. Defendants are also directed to pay to Plaintiffs' counsel $43.28 in costs for the September 13, 2018 transcript.

### D.    Request to Strike Defendants' Answers

Plaintiffs' request that the Court strike Defendants' answers is denied. This Court does not have the authority to strike Defendants' answers. Granting such a request would require this Court to issue a Report and Recommendation to Judge Broderick. 28 U.S.C.A. § 636(b)(1). The parties would then have 14 days to file specific written objections to the proposed findings and recommendations, and Judge Broderick would then determine whether to accept, reject, or modify the recommended disposition. *Id*. Here, the action is fully joined, Defendants' counsel has not withdrawn, and a final resolution on the merits is preferred. *Bridge Oil Ltd. v. Emerald Reefer*

*Lines, LLC*, No. 06-CV-14226 (RLE), 2008 WL 5560868 (S.D.N.Y. Oct. 27, 2008) (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ("[t]he law disfavors default judgments; any doubts should be resolved in favor of setting aside a default so that a determination may be made on the merits").

Accordingly, Defendants' and Mr. DeMaio are **ORDERED** to pay $ 3,678.28 to Plaintiffs' counsel within 45 days of the date of this Order, and file proof of payment with the Court. Plaintiffs shall file a motion for summary judgment by June 28, 2019, Defendants' opposition papers are due July 29, 2019, and Plaintiffs' reply papers are due August 19, 2019.


**SO ORDERED.**

Dated: New York, New York
May 16, 2019

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge