UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

JUAN R. VICENTE,
JUAN ZAMORA and
LUIS BENITEZ,
*on behalf of themselves, FLSA Collective Plaintiffs
and the Class,*

             **Plaintiffs,**      Case No. 18-CV-419

             **-against-**

LJUBICA CONTRACTORS LLC and
PREDRAG JANKOVIC,

             **Defendants.**

------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

C.K. Lee, Esq.
Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiffs,
FLSA Collective Plaintiffs and the Class*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.  PRELIMINARY STATEMENT ................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................................ 3

III.  ARGUMENTS .............................................................................................................. 3

    A.  SUMMARY JUDGMENT STANDARD ......................................................... 3

    B.  PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR UNPAID OVERTIME CLAIM ........................................................................... 4

        1.  Defendants Failed to Pay Plaintiffs Their Proper Overtime ........................... 4
        2.  Plaintiffs were not Independent Contractors under the FLSA or NYLL ....... 5

    C.  PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR UNPAID WAGES CLAIM ................................................................................ 7

    D.  PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR WTPA CLAIMS ................................................................................................. 7

        1.  Defendants Failed to Provide Proper Wage and Hour Notices Under the WTPA .............................................................................................................. 7
        2.  Defendants Failed to Provide Proper Wage Statements Under the WTPA .... 8

    D.  PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES UNDER EITHER THE FLSA OR NYLL ........................................................................ 8

    E.  DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE AS EMPLOYERS UNDER THE FLSA AND NYLL .............................................. 10

        1.  Individual Defendant Predrag Jankovic Is an Employer under the FLSA ... 10
        2.  Corporate Defendant Ljubica Contractors LLC Is an Employer under the FLSA ............................................................................................................. 11
        3.  Defendants Are Employers under the NYLL .............................................. 11

    F.  ATTORNEYS' FEES AND COSTS ................................................................. 12

IV.  CONCLUSION ........................................................................................................... 12

**EXHIBITS**

**EXHIBIT A** – New York State Corporation Search

**EXHIBIT B** – Plaintiffs' Damage Liability Analysis

# **TABLE OF AUTHORITIES**

**CASES**

*Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242 (1986)...................................................................3

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)...........................................................4

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany*, 522 F.3d 182 (2d Cir. 2008).........................................................................................................................................12

*Arena v. Plandome Taxi Inc.*, No. 12 Civ. 1078, 2014 WL 1427907 (E.D.N.Y. April 14, 2014) ..6

*Balderman v. U.S. Veterans Admin.*, 870 F.2d 57 (2d Cir. 1989) ...................................................4

*Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132 (2d Cir. 2008)....................8, 9

*Brock v. Superior Care*, 840 F.2d 1054 (2d. Cir. 1988)...............................................................5, 6

*Bynog v. Cipriani Grp., Inc.,* 1 N.Y.3d 193 (2003).........................................................................7

*Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984) .............................................10

*Gayle v. Harry's Nurses Registry, Inc.,* No. 07 Civ. 4672, 2009 WL 605790 (E.D.N.Y. Mar. 9, 2009)............................................................................................................................................6

*Giles v. City of New York*, 41 F. Supp. 2d 308 (S.D.N.Y. 1999).....................................................5

*Glatt v. Fox Searchlight Pictures, Inc.*, 293 F.R.D. 516 (S.D.N.Y. 2013)....................................12

*Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901 (S.D.N.Y. 2013)........................................5

*Hengjin Sun v. China 1221, Inc.*, No. 12 Civ. 7135, 2016 U.S. Dist. LEXIS 52292 (S.D.N.Y. Apr. 19, 2016)......................................................................................................................................9

*Irizarry v. Catsimidis*, 722 F.3d 99 (2d Cir. 2013).......................................................................11

*Kim v. 511 E. 5th St., LLC*, No. 12 Civ. 8096, 2015 U.S. Dist. LEXIS 135337 (S.D.N.Y. Sep. 26, 2015)......................................................................................................................................8, 9

*Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149 (2d Cir. 1998)................................................................6

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010) ...........3

*Perdue v. Kenny A.*, 559 U.S. 542 (2010) ....................................................................................12

*Rosendo v. Everbrighten Inc.*, 2015 U.S. Dist. LEXIS 50323 (S.D.N.Y. Apr. 7, 2015)...............12

*Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947).............................................................6

*Saleem v. Corporate Transp. Group, Ltd.*, 52 F. Supp. 3d 526 (S.D.N.Y. 2014) ..........................6

*Sethi v. Narod*, 974 F. Supp. 2d 162 (E.D.N.Y. 2013)................................................................11

*Suvill v. Bogopa Serv. Corp.*, No. 11 Civ. 3372, 2014 WL 4966029 (E.D.N.Y. Sept. 30, 2014)...7

*Vasquez v. TDG Grp., Inc.*, 2016 U.S. Dist. LEXIS 72773 (S.D.N.Y. June 3, 2016)...................12

*Velu v. Velocity Express, Inc.*, 666 F. Supp. 2d 300 (E.D.N.Y. 2009) .............................................6

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240 (S.D.N.Y. 2008)........................................4, 9

*Zheng v. Liberty Apparel Co.*, 355 F.3d 61 (2d Cir. 2003) ............................................................11

*Zubair v. EnTech Engineesring P.C.*, 900 F. Supp. 2d 355 (S.D.N.Y. 2012).................................9

**STATUTES**

29 U.S.C. § 207 ................................................................................................................................4

29 U.S.C. § 216 ...........................................................................................................................8, 12

29 U.S.C. § 260 .............................................................................................................................8, 9

N.Y. Lab. L. § 195 .......................................................................................................................7, 8

N.Y. Lab. L. § 196..........................................................................................................................4

N.Y. Lab. L. § 198......................................................................................................................9, 12

N.Y. Lab. L. § 663........................................................................................................................12

**RULES**

Fed. R. Civ. P. 56...................................................................................................................3, 4

**REGULATIONS**

12 N.Y.C.R.R. § 142-2.2................................................................................................................4, 5

12 N.Y.C.R.R. § 142-2.6 ..................................................................................................................8

12 N.Y.C.R.R. § 142-2.7 ..................................................................................................................8

I.   PRELIMINARY STATEMENT

Plaintiffs JUAN R. VICENTE, JUAN ZAMORA and LUIS BENITEZ (hereinafter, "Plaintiffs") submit this memorandum of law in support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

On January 17, 2018, Plaintiffs filed a Collective Action Complaint against LJUBICA CONTRACTORS LLC (the "Corporate Defendant") and PEDRO [LNU] ("Last Name Unknown"), seeking (1) unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), (2) unpaid wages pursuant to the FLSA and NYLL, (3) liquidated damages under the FLSA and NYLL, (4) statutory damages under the NYLL, and (5) attorney's fees and costs under the FLSA and NYLL. (Dkt. # 1). Defendants answered on March 21, 2018, admitting that Corporate Defendant LJUBICA CONTRACTORS LLC employed Plaintiffs JUAN R. VICENTE, JUAN ZAMORA and LUIS BENITEZ. (Dkt. # 7). On May 4, 2018, Defendants' counsel filed a motion to withdraw their answer with prejudice on behalf of the Corporate Defendant (Dkt. # 16), which was denied on December 26, 2018 as Plaintiffs had filed an amended complaint and because Defendants failed to provide any factual or legal support for their position. (Dkt. # 38).

On May 24, 2018, Plaintiffs filed a First Amended Complaint, renaming the Individual Defendant as PREDRAG JANKOVIC, instead of PEDRO [LNU]. (Dkt. # 23). The First Amended Complaint was filed against Corporate Defendant LJUBICA CONTRACTORS LLC and Individual Defendant PREDRAG JANKOVIC (together, the "Defendants"). *Id*. On July 20, 2018, Defendants' counsel answered the First Amended Complaint on behalf of only the Individual Defendant, PREDRAG JANKOVIC, admitting that the Defendant owned LJUBICA CONTRACTORS LLC. (Dkt. # 26, ¶ 4).

1

After Defendants filed their Answer to the First Amended Complaint, Plaintiffs requested for an Initial Conference, which was scheduled for September 13, 2018. (Dkt. # 31). Although Defendants' counsel failed to appear for the Initial Conference, the Court was able to reach him telephonically to participate in the Initial Conference. (Dkt. # 33). Following the Initial Conference on September 13, 2018, the Court ordered Defendants to produce limited discovery by October 19, 2018. *Id*. Plaintiffs' counsel also served discovery requests, which included notices for the depositions of Defendants' 30(b)(6) witness and Individual Defendant PREDRAG JANKOVIC, Interrogatories and Plaintiffs' First Request for the Production of Documents, by email and First Class Mail on September 17, 2018. On November 9, 2018, the parties submitted a joint letter, filed by Plaintiffs, informing the Court that Defendants failed to provide any discovery, including the Court-Ordered discovery by October 19, 2018, which Judge Wang had indicated was a hard deadline for Defendants as such information was Court-Ordered by Judge Broderick to have been produced to Plaintiffs' counsel by April 27, 2018. (Dkt. # 35 and 39).

Following a Status Conference before Judge Wang on December 18, 2018, in which Plaintiffs' counsel informed Judge Wang that Defendants' counsel was unresponsive, in addition to requesting sanctions for Defendants' failure to appear at the Status Conference, Plaintiffs also moved "pursuant to Fed. R. Civ. P. 37(b)(2) to strike Defendants' answers so that Plaintiffs may move for default judgment" on December 28, 2018. (Dkt. # 39 at *2)("Because of Defendants' failure to appear and otherwise defend the lawsuit, Your Honor [Judge Wang] also asked Plaintiffs to initiate the default process. As such, Plaintiffs respectfully request that Defendants' Answer be stricken so that we may submit a Request for Clerk's Certificate of Default").

On May 16, 2019, the Court sanctioned Defendants and their counsel for failing to attend three conferences and failing to comply with court orders, including orders to produce limited

discovery. (Dkt. # 44). Defendants and their counsel were then Ordered to compensate Plaintiffs' counsel for sanctions. *Id*. In the same Order, the Court denied Plaintiffs' request to strike Defendants' answer so that Plaintiffs may move for a default judgment, and instead, provided a briefing schedule for summary judgment. *Id*. Plaintiffs now move the Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiffs move for the relief detailed in the proposed Order as submitted to the Court with this motion.

To date, Defendants were ordered on multiple occasions to provide Court-Ordered discovery and were served formal discovery. (Dkt. # 12, 15, 18, 19 and 33). Defendants have not responded to any discovery and have not provided any discovery. In fact, Defendants' counsel represented that no documents exist during the parties' joint status letter. (Dkt. # 35). Therefore, since Defendants have failed to maintain any records, as required under the NYLL, Plaintiffs' allegations in the First Amended Complaint should be accepted as true in its entirety.

## II.   STATEMENT OF FACTS

The facts set forth in Plaintiffs' Rule 56.1 Statement are fully incorporated by reference herein.

## III.   ARGUMENTS

### A.   SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56, a moving party is entitled to summary judgment on a claim where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). It is the moving party's burden to show that no genuine issue of fact exists. *See Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 256 (1986); *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010). Rule 56 provides that, in moving for summary judgment, "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing

to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1). Whether any disputed issue of material fact exists is for the Court to determine. *Balderman v. U.S. Veterans Admin.*, 870 F.2d 57, 60 (2d Cir. 1989).

### B. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR UNPAID OVERTIME CLAIM

Plaintiffs suffered from Defendants' policy of failing to pay their proper overtime rate. *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2. "In determining whether the plaintiffs received the minimum wage and overtime, we start with the premise that the <u>employer</u> is obligated to maintain records of wages and hours." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 254-55 (S.D.N.Y. 2008) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)) (emphasis added). "In the absence of documentation, the employee may rely on [their] own recollection to meet [their] initial burden, in which case the employer must proffer evidence sufficient to rebut that recollection." *Id*. *See also* N.Y. LAB. L. § 196-a ("the employer in violation shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements"). As Defendants have not responded to any of Plaintiffs' discovery requests, flagrantly disregarded multiple Court Orders for disclosures, and represented that no documents exist, Plaintiffs' allegations in the First Amended Complaint must be accepted as true.

#### 1. *Defendants Failed to Pay Plaintiffs Their Proper Overtime*

The FLSA and NYLL requires employers to pay all employees one and one-half times their regular rate of pay for all hours, or partial hours, worked in excess of 40 during any workweek, unless they are exempt from coverage. 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-

4

2.2. At all times, Plaintiffs worked at least forty (40) hours per week. At all times, Plaintiffs were working at minimum, a total of sixty-four (64) hours per week, and at maximum, a total of eighty (80) hours per week. At all times, Plaintiffs were paid on a daily fixed salary, regardless of the number of hours worked per week. Plaintiffs did not receive any notice from Defendants informing them that the fixed salary was intended to cover any overtime hours worked. *See Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999)("Unless the contracting parties intend and understand the weekly salary to include overtime hours at the premium rate, courts do not deem weekly salaries to include the overtime premium for workers regularly logging overtime, but instead hold that weekly salary covers only the first 40 hours."). Therefore, Plaintiffs are owed their overtime compensation at an overtime rate of one and one-half times the regular rate.

### 2. Plaintiffs were not Independent Contractors under the FLSA or NYLL

The Second Circuit uses a multi-factor "economic realities" test to determine if an individual is an employee or an independent contractor for FLSA purposes. The factors include: (1) the degree of control exercised by the employer over the workers; (2) the worker's opportunity for profit or loss and their investment in the business; (3) the degree of skill and independent initiative required to perform the work; (4) the permanence or duration of the working relationship; and (5) whether the work is an integral part of the employer's business. *Brock v. Superior Care*, 840 F.2d 1054, 1058-59 (2d. Cir. 1988). "No factor is dispositive: rather, the test is based on a totality of the circumstances analysis, with the ultimate question being whether the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 912 (S.D.N.Y. 2013)(internal citations omitted).

Here, Defendants exercised a high degree of control over Plaintiffs' work.[1] Plaintiffs had no freedom with any aspect of their schedules. Defendants required Plaintiffs to adhere to a full-time schedule, working from at least 8:00am to 4:00pm, for six to seven days a week. At least four times a week, in addition to their scheduled shift, they were required to work until anytime between 8:00pm to 10:00pm. Plaintiffs were unable to create their own schedules and had no choice in accepting or declining projects. Plaintiffs were told to report to specific work sites by Defendants. Plaintiffs were working between 64 to 80 hours per week, worked exclusively for Defendants and received no other client opportunity. Plaintiffs had no opportunity for investment, profit or loss. *See Plandome Taxi*, 2014 WL 1427907, at *7. Plaintiffs were not permitted to negotiate the price of their services for each project with Defendants and Plaintiffs earned the same amount throughout their employment, and they had no ability to increase their earnings. Notably, there were no independent contractor agreements here. However, "affixing an 'independent contractor' label does not remove the worker from the protections of the Fair Labor Standards Act." *Gayle v. Harry's Nurses Registry, Inc.* No. 07 Civ. 4672, 2009 WL 605790, at *5 (E.D.N.Y. Mar. 9, 2009) (*citing Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947)).[2] Thus, these factors overwhelmingly weigh in favor of Plaintiffs' employee status.

Under New York State law, the Court of Appeals explained that "the critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the

---

[1] "Particularly relevant to the control factor is whether a worker is 'free to set his own schedule and take vacations when he wished.'" *Saleem v. Corporate Transp. Group, Ltd.*, 52 F. Supp. 3d 526, 537 (S.D.N.Y. 2014) (*quoting Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 171 (2d Cir. 1998); s*ee also Arena v. Plandome Taxi Inc.*, No. 12 Civ. 1078, 2014 WL 1427907, at *7 (E.D.N.Y. April 14, 2014) (determining that the control defendant had over the hours worked by drivers and that the drivers could not take unauthorized breaks weighed in favor of employee status); *Velu v. Velocity Express, Inc.*, 666 F. Supp. 2d 300, 307 (E.D.N.Y. 2009) (finding plaintiff's control over his work schedule a relevant factor in determining that plaintiff was an independent contractor).
[2] *See also Superior Care*, 840 F. 2d at 1059 ("[E]mployer's self-serving label of works as independent contractors is not controlling.").

6

results." *Bynog v. Cipriani Grp., Inc.,* 1 N.Y.3d 193, 198 (2003).[3] There are several factors relevant to determining control under the common law test, such as whether the worker (1) worked at his/her own convenience; (2) was free to engage in other employment; (3) received fringe benefits; (4) was on the employer's payroll; and (5) was on a fixed schedule. *Bynog,* 1 N.Y.3d at 198. For the same reasons expounded above, Plaintiffs were not independent contractors under the New York common law test.

### C. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR UNPAID WAGES CLAIM

For the last four weeks of employment for each Plaintiff, Defendants failed to compensate them for any of their hours worked. After four weeks of non-payment, Plaintiffs had to quit their employment with Defendants. Defendants nonetheless owe unpaid wages to Plaintiffs for those weeks worked.

### D. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THEIR WTPA CLAIMS

#### 1. *Defendants Failed to Provide Proper Wage and Hour Notices Under the WTPA*

New York's Wage Theft Prevention Act ("WTPA"), effective April 9, 2011, requires an employer to provide its employees with <u>written</u> notice in English and the employee's primary language at the time of hiring, and prior to any changes in the information on the notice, detailing, *inter alia*, the regular hourly pay rate; overtime hourly pay rate; the regular pay day; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business; the mailing address if different; and the telephone number of the employer. *See* N.Y. LAB. L. §§ 195-1,2. The employer

---

[3] "These factors are not exhaustive and New York courts commonly consider additional factors such as whether the worker was required to wear a uniform, follow company procedures, attend meetings, sign in and out of work, and coordinate vacation with a supervisor, and whether the employer decided when each task should be started and on which task the worker should focus at any particular time . . . ." *Suvill v. Bogopa Serv. Corp.*, No. 11 Civ. 3372, 2014 WL 4966029, at *10 (E.D.N.Y. Sept. 30, 2014) (internal quotations and citations omitted).

7

must also obtain from the employee a signed and dated written acknowledgement of receipt of such notice, which the employer must keep for six years. *Id*. Under the NYLL, the "employer has the burden of proving compliance" with this requirement. *Id.* (emphasis added).

Defendants failed to provide Plaintiffs with a proper wage and hour notice as required under the WTPA. Defendants are unable to produce proper wage and hour notices as no notices were provided to Plaintiffs throughout their employment with Defendants, and therefore, Plaintiffs are entitled to summary judgment on their wage and hour notice claims under the WTPA.

### 2. *Defendants Failed to Provide Proper Wage Statements Under the WTPA*

The WTPA requires employers to furnish each employee with wage statements, commonly known as paystubs, listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; regular hourly pay rate; overtime hourly pay rate; hours worked; gross wages; and net wages. *See* N.Y. LAB. L. § 195-3; 12 N.Y.C.R.R. §§ 142-2.6 and 142-2.7.

Defendants failed to provide Plaintiffs with any wage statements as required under the WTPA. Defendants are unable to produce wage statements as no wage statements were provided to Plaintiffs throughout their employment period, and therefore, Plaintiffs are entitled to summary judgment on their wage statement claims under the WTPA.

### E. PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES UNDER EITHER THE FLSA OR NYLL

"Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages." *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 140 (2d Cir. 2008). *See Kim v. 511 E. 5th St., LLC*, No. 12 Civ. 8096, 2015 U.S. Dist. LEXIS 135337, at *28 (S.D.N.Y. Sep. 26, 2015) (citing 29 U.S.C. §§ 216(b), 260)

8

("liquidated damages in an amount equal to compensatory damages are <u>mandatory</u>, unless an employer demonstrates that it has acted in good faith and did not willfully violate the statute.") (emphasis added). District courts are afforded "discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield*, 537 F.3d at 140 (citing 29 U.S.C. § 260); *see Yu G. Ke*, 595 F. Supp. 2d at 261. "<u>The employer bears the burden</u> of proving good faith and reasonableness by 'show[ing] that it took active steps to ascertain the dictates of the FLSA and then act[ed] to comply with them.'" *Kim*, 2015 U.S. Dist. LEXIS 135337, at *28-29 (emphasis added). The employer's burden is "a difficult one," and "double damages are the norm and single damages the exception." *Barfield*, 537 F.3d at 150.

Like the FLSA, an employee is entitled to liquidated damages under the NYLL unless the <u>employer</u> proves "a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. L. §§ 198-1(a), 663(1). *See Kim*, 2015 U.S. Dist. LEXIS 135337, at *29. An amendment to the NYLL, effective November 24, 2009, "incorporated the federal standard" and shifted the burden of proving good faith to the employer. *Hengjin Sun v. China 1221, Inc.*, No. 12 Civ. 7135, 2016 U.S. Dist. LEXIS 52292, at *8 (S.D.N.Y. Apr. 19, 2016). Therefore, "[a]n affirmative showing of willfulness is no longer required under the [NYLL]; instead, liquidated damages are <u>presumed</u> unless <u>defendants</u> can show subjective good faith." *Zubair v. EnTech Engineesring P.C.*, 900 F. Supp. 2d 355, 360 n. 3 (S.D.N.Y. 2012) (emphasis added). *See Velez*, 2016 U.S. Dist. LEXIS 107230, at *51 ("The employer [ ] bears the burden of proving good faith and reasonableness."). Since April 9, 2011, the NYLL was amended to authorize liquidated damages amounting to one-hundred percent (100%) of the total

9

unpaid wages for violations thereafter. *See Velez*, 2016 U.S. Dist. LEXIS 107230, at *52 (citing N.Y. LAB. L. § 663(1)).

Defendants did not act in subjective good faith with objectively reasonable grounds for believing that they did not violate the FLSA or NYLL. Defendants not only failed to properly compensate Plaintiffs for their proper overtime, but Defendants also failed to compensate Plaintiffs for several weeks of work before they had to quit and find employment elsewhere. Because Defendants have failed to show a good faith basis for believing that their underpayment of wages was in compliance with the law, Plaintiffs are entitled to liquidated damages under the NYLL.

F. **DEFENDANTS ARE JOINTLY AND SEVERALLY LIABLE AS EMPLOYERS UNDER THE FLSA AND NYLL**

   1. ***Individual Defendant Predrag Jankovic Is an Employer under the FLSA***

To be held liable under the FLSA, a person must be an "employer," which the FLSA defines as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d)(2012). In deciding whether an individual is an employer, "the overarching concern is whether the alleged employer possessed the power to control the workers in question . . . ." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). To determine whether an individual defendant is also an employer under the FLSA, the "economic reality" test inquiries into four factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). Essentially, "an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment. . . . such as workplace conditions and

operations, personnel, or compensation." *Irizarry v. Catsimidis*, 722 F.3d 99, 109 (2d Cir. 2013). The factors are not exclusive and the district court is "free to consider any other factors it deems relevant to its assessment of the economic realities." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71-72 (2d Cir. 2003). Extensive personal involvement in the management of the employees or in the violations of labor laws is not required, nor is continuous exercise of authority. *Irizarry*, 722 F.3d at 110 (holding that delegated authority may impute individual liability provided an individual's "role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment").

Individual Defendant PREDRAG JANKOVIC admits that he owns and operates LJUBICA CONTRACTORS LLC in his Answer to the First Amended Complaint. Dkt. # 26, ¶ 4. Moreover, Individual Defendant PREDRAG JANKOVIC directly hired at least two of the three Plaintiffs, JUAN R. VICENTE and JUAN ZAMORA. As such, Individual Defendant PREDRAG JANKOVIC should be held liable as an employer under the FLSA.

### 2. *Corporate Defendant Ljubica Contractors LLC Is an Employer under the FLSA*

Corporate Defendant was an employer of Plaintiffs. Defendants admit in their answer that they employed the Plaintiffs. (Dkt. # 7). Therefore, Corporate Defendant LJUBICA CONTRACTORS LLC should be held liable as an employer under the FLSA.

### 3. *Defendants Are Employers under the NYLL*

The definition of "employer" under the NYLL is similar to the definition under the FLSA. *See, e.g.*, *Sethi v. Narod*, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) ("District courts in this Circuit have interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA."); *Glatt v. Fox Searchlight Pictures, Inc.*,

293 F.R.D. 516, 526 (S.D.N.Y. 2013) ("The NYLL's definitions are nearly identical to the FLSA's."). As such, Defendants are an employer under the NYLL.

### G. ATTORNEYS' FEES AND COSTS

"In FLSA actions, '[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The NYLL also entitles a prevailing plaintiff to recover reasonable attorneys' fees and costs.'" *Vasquez v. TDG Grp., Inc.*, 2016 U.S. Dist. LEXIS 72773, at *8-9 (S.D.N.Y. June 3, 2016), citing 29 U.S.C. § 216(b) and NYLL §§ 198(1-a) and 663(1)(internal citations omitted)(fees and costs, including deposition and service, shall be paid by Defendant in an FLSA or NYLL case); *see also Rosendo v. Everbrighten Inc.*, 2015 U.S. Dist. LEXIS 50323, at *26 (S.D.N.Y. Apr. 7, 2015). "To determine the amount of attorneys' fees to which a party is entitled, a court must calculate the 'presumptively reasonable fee,' often referred to as the 'lodestar.' The amount is the 'rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 21, citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008); *see also Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010). Once the Court determines Plaintiffs' motion is meritorious, Plaintiffs will submit a supplement to this motion for fees and costs.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Plaintiffs' motion for summary judgment be granted in its entirety and that damages, as detailed in **Exhibit B**, will be entered by the Court. Plaintiffs would separately seek leave for supplemental briefing on Plaintiffs' attorneys' fees and costs.

| | |
|---|---|
| Dated: New York, New York<br>June 28, 2019 | Respectfully submitted,<br>LEE LITIGATION GROUP, PLLC |

By:   <u>/s/ C.K. Lee</u>
C.K. Lee, Esq. (CL 4086)
Lee Litigation Group, PLLC
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*