UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------

JUAN R. VICENTE,
JUAN ZAMORA and
LUIS BENITEZ,
*on behalf of themselves, FLSA Collective
Plaintiffs and the Class,*

               **Plaintiffs,**

               **-against-**

LJUBICA CONTRACTORS LLC and
PREDRAG JANKOVIC,

               **Defendants.**

-------------------------------------

Case No. 18-cv-419

**PLAINTIFFS' LOCAL RULE 56.1
STATEMENT OF MATERIAL FACTS**

Plaintiffs JUAN R. VICENTE, JUAN ZAMORA and LUIS BENITEZ (together, the "Plaintiffs"), by their attorneys, Lee Litigation Group, PLLC, in support of their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, submit the following Statement of Material Facts pursuant to Rule 56.1 of the Local Civil Rules of the United States District Court for the Eastern District of New York:

1. Defendant LJUBICA CONTRACTORS LLC is a domestic limited liability organized under the laws of the State of New York, with an address for service of process at 150 E. 56th Street, New York, New York 10022. *See* **Exhibit A``** (New York State Corporation Search).

2. At all relevant times, Individual Defendant PREDRAG JANKOVIC owned and operated a business through Corporate Defendant LJUBICA CONTRACTORS LLC. *See* Defendants' Answer to the First Amended Complaint, Dkt. # 26, ¶ 4.

3. Defendants employed Plaintiffs through Corporate Defendant LJUBICA CONTRACTORS LLC. *See* Defendants' Answer to the Class and Collective Action Complaint, Dkt. # 7, ¶ 2.

4. Plaintiff JUAN R. VICENTE was employed as a general construction worker by Defendants from April 2015 through November 2016.

5. Plaintiff JUAN R. VICENTE was hired directly by Individual Defendant PREDRAG JANKOVIC.

6. For Plaintiff JUAN R. VICENTE's employment period, Plaintiff VICENTE was scheduled to work from 8:00am to 4:00pm, for six to seven days per week, every workweek.

7. For Plaintiff JUAN R. VICENTE's employment period, Plaintiff VICENTE worked beyond his scheduled work schedule until 8:00pm to 10:00pm, at least four times per week, every workweek.

8. Plaintiff JUAN R. VICENTE worked with a thirty minute meal break every workday.

9. Plaintiff JUAN R. VICENTE was compensated on a daily fixed salary rate of $120 per workday, for a total of $720 to $840 per workweek, regardless of actual hours worked. There was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff VICENTE.

10. Plaintiff JUAN R. VICENTE was not compensated for at least four (4) weeks of pay because Defendants stopped paying employees.

11. Plaintiff JUAN ZAMORA was employed as a general construction worker by Defendants from January 2016 through September 2016.

12. Plaintiff JUAN ZAMORA was hired directly by Individual Defendant PREDRAG JANKOVIC.

13. For Plaintiff JUAN ZAMORA's employment period, Plaintiff ZAMORA was scheduled to work from 8:00am to 4:00pm, for six to seven days per week, every workweek.

14. For Plaintiff JUAN ZAMORA's employment period, Plaintiff ZAMORA worked beyond his scheduled work schedule until 8:00pm to 10:00pm, at least four times per week, every workweek.

15. Plaintiff JUAN ZAMORA worked with a thirty minute meal break every workday.

16. Plaintiff JUAN ZAMORA was compensated on a daily fixed salary rate of $160 per workday, for a total of $960 to $1120 per workweek, regardless of actual hours worked. There was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff ZAMORA.

17. Plaintiff JUAN ZAMORA was not compensated for four (4) weeks of pay because Defendants stopped paying employees.

18. Plaintiff LUIS BENITEZ was employed as a general construction worker by Defendants from June 2014 through December 31, 2016.

19. For Plaintiff LUIS BENITEZ's employment period, Plaintiff BENITEZ was scheduled to work from 8:00am to 4:00pm, for six to seven days per week, every workweek.

20. For Plaintiff LUIS BENITEZ's employment period, Plaintiff BENITEZ worked beyond his scheduled work schedule until 8:00pm to 10:00pm, at least four times per week, every workweek.

21. Plaintiff LUIS BENITEZ worked with a thirty minute meal break every workday.

22. Plaintiff LUIS BENITEZ was compensated on a daily fixed salary rate of $150 per workday, for a total of $900 to $1050 per workweek, regardless of actual hours worked. There was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff BENITEZ.

23. Plaintiff LUIS BENITEZ was not compensated for at least four (4) weeks of pay because Defendants stopped paying employees.

24. Defendants failed to provide any wage notices to Plaintiffs, as required under the New York Labor Law. None were provided during discovery.

25. Defendants failed to provide any wage statements to Plaintiffs, as required under the New York Labor Law. None were provided during discovery.

Dated: New York, New York  
      June 28, 2019

Respectfully submitted,  
LEE LITIGATION GROUP, PLLC

By:   */s/ C.K. Lee*  
C.K. Lee, Esq. (CL 4086)  
Lee Litigation Group, PLLC  
148 West 24th Street, Eighth Floor  
New York, NY 10011  
Tel: (212) 465-1188  
Fax: (212) 465-1181

*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and the Class*