UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

                                            :

JUAN R. VICENTE, on behalf of himself,    :
FLSA Collective Plaintiffs, and the Class,   :
et al.                                           :

                                 :

                       Plaintiffs,   :

                                 :

            - against -          :

                                 :

LJUBICA CONTRACTORS LLC, et al.   :

                                 :

                      Defendants.  :

                                 :

-------------------------------------------------------X

18-cv-419 (VSB) (SLC)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___6/1/2020___

<u>Appearances</u>:

Anne Melissa Seelig
C.K. Lee
Lee Litigation Group, PLLC
New York, New York
*Counsel for Plaintiffs*

John P. DeMaio
Leon M. Greenberg, Esq.
New York, New York
*Counsel for Defendants*

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Plaintiffs Juan R. Vicente, Juan Zamora, and Luis Benitez bring this action pursuant to

the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et. seq.* and the New York Labor

Law (the "NYLL").  Before me are (1) Plaintiffs' motion for summary judgment, and

(2) Magistrate Judge Ona Wang's unchallenged Report & Recommendation ("R&R" or

"Report") recommending that I treat Plaintiffs' motion for summary judgment as unopposed.

Because I agree with Magistrate Judge Wang's recommendation, I adopt the Report and consider

Plaintiffs' motion for summary judgment as unopposed; however, because Plaintiffs have failed

to sustain their burden of establishing that there are no issues of material fact and that they are entitled to judgment as a matter of law, Plaintiffs' motion for summary judgment is DENIED without prejudice.  The Clerk of Court is respectfully directed to enter the default of Defendants Pedrag Jankovic and Ljubica Contractors, LLC, and Plaintiffs are directed to begin the process of moving for a default judgment against Defendants within sixty (60) days.

## I.      **Factual Background**

In their first amended complaint ("Amended Complaint"), Plaintiffs allege that they were employed by Defendant Ljubica Contractors as construction workers for various periods between 2014 and 2016.  (Am. Compl. ¶¶ 23–25.)[1]  Plaintiffs Vicente and Zamora allege they were hired directly by Defendant Predrag Jankovic.  (*Id.* ¶¶ 23–24.)  All three Plaintiffs allege that throughout their employment Defendants failed to pay them an overtime premium for the hours they worked beyond forty hours, and that Defendants ultimately stopped paying them any wages at all for hours worked.  (*Id.* ¶¶ 23–26.)  Plaintiffs also allege that Defendants failed to provide adequate annual wage and hour notices and weekly wage statements as required by New York law.  (*Id.* ¶ 29.)

## II.      **Procedural History**

Plaintiffs commenced this action on January 17, 2018 by filing a complaint.  (Doc. 1.) On March 21, 2018, Defendant Ljubica Contractors filed an answer through counsel, John DeMaio, (Doc. 7.)  On April 6, 2018, I entered an order scheduling an initial pretrial conference, directing the parties to submit a joint letter and proposed case management plan, and directing the parties to, among other things, exchange limited discovery in aid of settlement.  (Doc. 12.)

---

[1] "Am. Compl." refers to the First Amended Complaint, filed on May 24, 2018.  (Doc. 23.)

On April 9, 2018, I referred this case for settlement to the designated magistrate judge, who at the time was Magistrate Judge Debra C. Freeman.  (Doc. 13.)  The case and referral were then reassigned to Magistrate Judge Wang.  Judge Wang held an initial telephonic conference with counsel on April 18, 2018, and scheduled an in-person settlement conference for May 15, 2018.  She also directed the parties to provide ex parte settlement submissions in advance of the conference.  (May 16 Op., at 11.)[2]

Thereafter, according to Magistrate Judge Wang, "matters devolved rapidly."  (*Id.* at 3.)  On May 4, 2018, DeMaio filed a document titled "Motion to Withdraw Answer with Prejudice" stating in its entirety that "The Defendant Ljubica Contractors by its Attorney John De Maio, hereby withdraws its Answer with Prejudice."  (Doc. 16.)  That same day, Plaintiffs submitted (1) a letter-motion to me seeking leave to amend their complaint to add another Defendant, and (2) a letter to Judge Wang informing her that Defendants' counsel had failed to exchange the required limited discovery.  (Docs. 17, 18.)

On May 4, 2018, Magistrate Judge Wang issued an Order to Show Cause directing Defendants to show cause why she should not recommend to me that sanctions be awarded, and adjourning the settlement conference.  (Doc. 19.)  Defendants did not respond to the Order to Show Cause.

On May 10, 2018, Plaintiffs submitted their initial pretrial conference letter and proposed case management plan, noting that they had been unable to reach DeMaio.  (Doc. 20.)  Plaintiffs' counsel then appeared for the initial pretrial conference, but neither Defendants nor their counsel appeared or requested an adjournment.  At the conference, I granted Plaintiffs leave to amend their complaint.

---

[2] "May 16 Op." refers to Magistrate Judge Wang's May 16, 2019 Opinion and Order in this case.  (Doc. 44.)

Plaintiffs then filed an Amended Complaint on May 24, 2018, (Doc. 23), and Defendant Jankovic, through his counsel, filed his Answer on July 20, 2018, (Doc. 26).  Defendant Ljubica Contractors has not filed an answer to the Amended Complaint.

On July 26, 2018, I issued an amended order of reference referring this case to Magistrate Judge Wang for general pretrial.  (Doc. 29.)  Magistrate Judge Wang held a status conference on September 13, 2018; DeMaio did not appear in-person, but after waiting 15 minutes the Court called him by telephone.  (May 16 Op. at 4.)  DeMaio stated that he only represented Jankovic, not Ljubica Contractors, and asked for an extension of time to produce the pre-settlement discovery.  (*Id.* at 4–5.)  Magistrate Judge Wang set a schedule whereby on or before October 19, 2018, (1) Defendants would produce limited discovery and (2) DeMaio would either move to withdraw on behalf of Ljubica or file a letter stating that he intended to proceed as counsel for Ljubica.  (*Id.* at 5.)  On November 5, 2018, Plaintiffs filed a letter stating that Defendants had not produced the limited discovery but had instead promised to provide an affidavit from Defendant Jankovic stating that no relevant documents had been found.  (Doc. 35.)  DeMaio did not provide Magistrate Judge Wang with any update on the status of his representation of Ljubica Contractors.  (May 16 Op. at 12.)

Magistrate Judge Wang scheduled a status conference for December 18, 2018 and directed counsel to appear in person.  (Doc. 36.)  DeMaio failed to appear and could not be reached by telephone.  (May 16 Op. at 7–8.)  Magistrate Judge Wang issued an Order to Show Cause directing the Defendants to show cause by December 28, 2018, why sanctions should not be imposed on Defendants and/or attorney DeMaio under Fed. R. Civ. P. 16(f), 28 U.S.C. §1927, or the inherent powers of the Court.  (Doc. 37.)  The Court also granted leave for Plaintiffs to

move separately for sanctions.  (*Id.*).  On December 28, 2018, I denied Ljubica's request to withdraw its answer.  (Doc. 38.)

Defendants did not make any submissions by the deadline set by Magistrate Judge Wang. On December 28, 2018, Plaintiff filed a letter motion for monetary sanctions in the form of reimbursement for legal fees expended in preparing for conferences at which DeMaio failed to appear and in preparing the motion for sanctions.  (Doc. 39.)  Plaintiffs also requested that Judge Wang strike Defendants' answers, apparently to enable them to move for a default judgment. (*Id.*; *see also* May 16 Op., at 13–14.)

On May 16, 2019, Magistrate Judge Wang issued an Opinion & Order imposing $3,678.28 in monetary sanctions on Defendants under Federal Rule of Civil Procedure 16(f), on the grounds that Defendants and DeMaio engaged in the following conduct:

- DeMaio failed to personally appear for the following three scheduled court conferences:
  - May 17, 2018 conference before me, (Doc. 12);
  - September 13, 2018 conference before Magistrate Judge Wang, (Doc. 31);
  - December 18, 2018 conference before Magistrate Judge Wang, (Doc. 36).

- DeMaio and Defendants failed to comply with the following pretrial orders in the following ways:
  - April 6, 2018 Order:
    - Defendants did not exchange limited discovery in aid of settlement by April 27, 2018; and
    - Defendants did not meet and confer with Plaintiffs and submit a joint letter and proposed case management plan by May 10, 2018.
  - April 18, 2018 Order:
    - Defendants did not provide ex parte settlement submissions one week before the scheduled Settlement Conference as required by Magistrate Judge Wang's Individual Rules of Practice in Civil Cases, and as directed in the telephone conference.
  - September 14, 2018 Order:
    - Defendants did not produce the limited discovery in aid of settlement by October 19, 2018;
    - Although Magistrate Judge Wang was able to reach DeMaio by telephone for the September 13, 2018 conference, he was not prepared to participate.

        o   DeMaio did not file a motion to withdraw his appearance for Ljubica
            Contractors or file a letter stating that he intended to proceed as counsel
            for the Ljubica Contractors by October 19, 2018.

(May 16 Op. at 10–12.)

       Magistrate Judge Wang denied Plaintiffs' request to strike Defendants answers on the

basis that (1) she did not have authority to do so, and (2) "the action is fully joined, Defendants'

counsel has not withdrawn, and a final resolution on the merits is preferred. *Bridge Oil Ltd. v.

Emerald Reefer Lines*, LLC, No. 06-CV-14226 (RLE), 2008 WL 5560868 (S.D.N.Y. Oct. 27,

2008) (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) ('[t]he law disfavors default

judgments; any doubts should be resolved in favor of setting aside a default so that a

determination may be made on the merits')." (*Id.* at 13–14.)  Instead, Magistrate Judge Wang

directed Plaintiffs to file a motion for summary judgment, and set a briefing schedule under

which Plaintiffs' moving papers would be due by June 28, 2019, Defendants' opposition papers

would be due by July 29, 2019, and Plaintiffs' reply would be due by August 19, 2019.  (*Id.* at

14.)

       On June 28, 2019, Plaintiffs filed a motion for summary judgment, (Doc. 47), along with

a memorandum of law in support with exhibits, (Doc. 48), and a Local Civil Rule 56.1

Statement, (Doc. 49).  Defendants did not oppose by the deadline, nor have they filed any further

submissions in the intervening months.

       On August 7, 2019, Plaintiffs submitted a letter motion to Magistrate Judge Wang

informing her that Defendants had failed to pay the amount of the monetary sanctions and had

failed to file any opposition to their motion for summary judgment.  (Doc. 53.)  Plaintiffs

requested that Magistrate Judge Wang (1) recommend to me that I consider their motion as

unopposed, and (2) award a penalty of ten percent, compounded daily, on the unpaid principal of

the monetary sanctions for every day after July 1, 2019, until Defendants remitted full payment. (*Id.*)  On August 20, 2019, Magistrate Judge Wang issued a Report & Recommendation on this letter-motion, recommending that I consider Plaintiffs' pending motion for summary judgment as unopposed.  (Doc. 54, at 1.)  No party filed an objection to the Report.

## III.    <u>Report and Recommendation</u>

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error.  *Santana v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, although the Report & Recommendation explicitly provided that "[t]he parties shall have 14 days (including weekends and holidays) from service of this Report and Recommendation to file written objections," (Doc. 54, at 2), no party filed an objection.  I have reviewed Magistrate Judge Wang's Report & Recommendation for clear error and have found none.  Accordingly, Magistrate Judge Wang's Report & Recommendation is adopted, and

Plaintiff's motion for summary judgment shall be considered unopposed.

### IV.   Motion for Summary Judgment

#### A.   *Legal Standard*

##### 1.   Federal Rule of Civil Procedure 56

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); *see* Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine[]' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* In considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citations and internal quotation marks omitted); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On a motion for summary judgment, the moving party bears the initial burden of establishing that there is no genuine dispute as to any material fact. *Anderson,* 477 U.S. at 256. "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). Thus, "[w]here the moving party bears the burden of persuasion at trial,

that party may discharge its burden of production by 'support[ing] its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial.'" *Sorano v. Taggart*, 642 F. Supp. 2d 45, 50 (S.D.N.Y. 2009) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "The principles governing admissibility of evidence do not change on a motion for summary judgment" and district courts need only consider admissible evidence in ruling on a motion for summary judgment." *I.M. v. United States*, 362 F. Supp. 3d 161, 174 n.9 (S.D.N.Y. 2019) (quoting *Raskin v. Wyatt Company*, 125 F.3d 55, 66 (2d Cir. 1997)).

"[W]here the movant 'fail[s] to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing. *Giannullo v. City of New York*, 322 F.3d 139, 140–41 (2d Cir. 2003) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160 (1970)). Where the movant has satisfied his burden, however, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477 U.S. at 248 (citation omitted), and to present such evidence that would allow a jury to find in his favor, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) ("[A] plaintiff must provide more than conclusory allegations to resist a motion for summary judgment."). But "if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(e), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3). In other words, "the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Giannullo,* 322 F.3d at 143 n. 5).

### 2.  Local Rule 56.1

"Local Rule 56.1 requires a party requires a party moving for summary judgment to submit a 'short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried' and requires that each numbered paragraph be supported 'by citation to evidence' in the record. Local Rule 56.1(a), (d). It further puts litigants on notice that '[f]ailure to submit such a statement may constitute grounds for denial of the motion.' Local Rule 56.1(a)." *Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 17 (2d Cir. 2015).

### B.  *Application*

Plaintiffs move for summary judgment on all their claims, asserting that (1) Defendants failed to pay them their proper overtime rate in violation of the relevant provisions of the FLSA, 29 U.S.C. § 207(a)(1), and the NYLL, 12 N.Y.C.R.R. §142-2.2; (2) Defendants failed to compensate them for any hours work in each Plaintiff's last four weeks of employment; (3) Defendants failed to provide wage and hour notices in violation of the New York Wage Theft Protection Act (the "WTPA"), N.Y.L.L. §§ 195-1,2; (4) Defendants failed to provide wage

statements in violation of the WTPA, N.Y.L.L. § 195-3; 12 N.Y.C.R.R. §§ 142-2.6, 142-2.7;

(4) Plaintiffs are entitled to liquidated damages under either the FLSA or NYLL because

Defendants did not act in subjective good faith with objectively reasonable grounds for believing

that they did not violate the FLSA or NYLL; (5) Defendants are jointly and severally liable as

employers under the FLSA and the NYLL; and (6) Plaintiffs are entitled to reasonable attorneys'

fees and costs.  (*See* Pls.' Mem. 4–12.)

    As an initial matter, the majority of the factual assertions contained in Plaintiffs' Local

Rule 56.1 Statement, (Doc. 49), are not accompanied by "citation[s] to evidence" in the record,

as required by the local rule.  *See* Local Rule 56.1(d).  This failure alone warrants denial of

Plaintiffs' motion.  *See Suares*, 603 F. App'x at 17 (affirming district court's denial of plaintiff's

motion for summary judgment on the ground that plaintiff's Local Rule 56.1 statement contained

no record citations).

    More importantly, however, Plaintiffs also have not carried their substantive burden

under Rule 56 of providing admissible evidence demonstrating that there is no genuine issue of

material fact as to their claims.  Plaintiffs rely solely on the allegations of the Amended

Complaint, arguing repeatedly, without citation to any authority, that "Plaintiffs' allegations in

the First Amended Complaint should be accepted as true in its entirety."  (*See* Pls.' Mem. 3, 4.)[3]

Contrary to Plaintiffs' argument, while on a motion for a default judgment a court considers "a

[party's] 'default is an admission of all well-pleaded allegations against the defaulting party,'"

the same is not true for a party's failure to oppose a motion for summary judgment.  *Vt. Teddy*

*Bear Co.*, 373 F.3d at 246.  Rather, while a "non-movant's failure to oppose a motion for

---

[3] "Pls.' Mem." refers to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment
Pursuant to Fed. R. Civ. P. 56, filed on June 28, 2019.  (Doc. 48.)

summary judgment 'allows the district court to accept the movant's factual assertions as true,' provided that the court is 'satisfied that the citation to evidence in the record supports the assertion,'" *Trs. Of IATSE Annuity Fund v. Backstage Lighting & Rigging, Omelio LLC*, No. 11 Civ. 6166 JMF, 2012 WL 5974012, at *1 (S.D.N.Y. Nov. 29, 2012) (quoting *id.*), the court must nevertheless "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.*

Plaintiffs have not made the required showing. Indeed, Plaintiffs provide no admissible evidence for a single one of their factual contentions. Plaintiffs do not even submit affidavits to support their motion, instead submitting only two documents as exhibits: (1) a purported copy of New York Department of State Division of Corporations Entity Information webpage for Defendant Ljubica, and (2) a document containing wage calculations for each Plaintiff, prepared by an unknown individual without reference to any supporting documents. (*See* Docs. 48-1, 48-2.) Leaving aside the question of whether these documents are admissible, neither provides any support for the key elements of Plaintiffs' various claims, such as, for example, the hours they assert they worked or their assertion that they received no overtime pay.

Although a verified complaint may be treated as an affidavit for summary judgment purposes, *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995), Plaintiffs' Amended Complaint is not verified and is signed only by counsel, (*see* Am. Compl. 15). Therefore, "it is not admissible evidence for the purposes of a motion for summary judgment." *Babino v. Gesualdi*, 278 F. Supp. 3d 562, 573 (E.D.N.Y. 2017), *aff'd,* 744 F. App'x 30 (2d Cir. 2018); *see also Marquez v. City of New York*, No. 14-CV-8185 (AJN), 2016 WL 4767577, at *1 n.1 (S.D.N.Y. Sept. 12, 2016).

Accordingly, because Plaintiffs have "fail[ed] to fulfill [their] initial burden of providing admissible evidence of the material facts entitling [them] to summary judgment, summary judgment must be denied, even [though] no opposing evidentiary matter [has been] presented." *Giannullo*, 322 F.3d at 140–41.

## V.   <u>Entry of Default</u>

Even where a defendant has filed an answer, "Federal Rule of Civil Procedure 55 is the basic procedure to be followed when there is a default in the course of litigation." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *Vt. Teddy Bear*, 373 F.3d at 246).  Rule 55 sets out a two-step process:  first, entry of a default, which "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff"; and second, entry of a default judgment, which "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." *Id.*

"Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court . . . a district judge also possesses the inherent power to enter a default, *see Beller & Keller v. Tyler,* 120 F.3d 21, 22 n. 1 (2d Cir.1997).  The entry of a default, while establishing liability, 'is not an admission of damages.'  *Finkel v. Romanowicz,* 577 F.3d 79, 83 n. 6 (2d Cir. 2009)." *Id.*  "[B]ecause a default judgment is the most severe sanction which the court may apply . . . a district court's discretion in proceeding under Rule 55 [is] circumscribed." *Id.* (internal quotation marks and citations omitted).

Rule 55 provides that a default may be entered where a defendant "has failed to plead or otherwise defend." *Id.*  The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend." *Id.* (affirming entry of default where defendants refused to proceed to trial,

withdrew their counsel without retaining a substitute, and were aware that their conduct likely would result in a default (citing *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1308–10 (2d Cir. 1991) (affirming entry of default against a limited partnership that failed to appear through counsel); *Brock v. Unique Racquetball & Health Clubs, Inc.,* 786 F.2d 61, 64–65 (2d Cir.1986) (concluding that a default was properly entered when the defendant demonstrated a lack of diligence during pre-trial proceedings, sought and received a mid-trial adjournment, and then failed to appear when the trial resumed); *Au Bon Pain Corp. v. Artect, Inc.,* 653 F.2d 61, 65 (2d Cir. 1981) (finding entry of default was proper where defendant failed to appear for a deposition, dismissed counsel, gave vague and unresponsive answers to interrogatories, and failed to appear for trial); *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 917–19 (3d Cir. 1992) (affirming entry of default where defendant had answered but had failed to comply with discovery orders or to appear for trial))).

Here, Defendant Jankovic has appeared and answered, and Defendant Ljubica has appeared but not answered.  However, as Magistrate Judge Wang extensively detailed in her May 16 Opinion, (Doc. 44), Defendants have repeatedly failed to provide any discovery to Plaintiffs, failed to appear at the most recent conferences in this case, failed to show cause why sanctions should not be imposed as a consequence of this lack of diligence, and ultimately failed to pay the sanctions imposed by Magistrate Judge Wang.  Defendants also did not respond to Plaintiffs' motion for summary judgment or Plaintiffs' request that Magistrate Judge Wang impose additional monetary sanctions and recommend to me that their motion be considered unopposed.  Nor did Defendants file any objection to Magistrate Judge Wang's recommendation that I consider Plaintiffs' motion unopposed.

Taken together, I find that Defendants' conduct constitutes failure "to otherwise defend"

this action within the meaning of Federal Rule of Civil Procedure 55.  Accordingly, the Clerk of

Court shall be directed to enter the default of Defendants Pedrag Jankovic and Ljubica

Contractors, LLC.  *See Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 33 (2d Cir. 2012)

(affirming district court's *sua sponte* direction to the Clerk of Court to enter defendant's default

under Federal Rule of Civil Procedure 55(a)).  Plaintiffs shall apply for a default judgment within

60 days of this Opinion & Order in accordance with the procedure set forth in Attachment A of

my Individual Rules and Practices in Civil Cases.[4]

## VI.   Conclusion

For the foregoing reasons, Magistrate Judge Wang's Report and Recommendation, (Doc.

54), is ADOPTED in its entirety, and Plaintiffs' motion for summary judgment, (Doc. 47), is

DENIED.

The Clerk of Court is respectfully directed to enter the default of Defendants Pedrag

Jankovic and Ljubica Contractors, LLC, and to terminate the motion at Document 47.  Plaintiffs

shall apply for a default judgment within 60 days of this Opinion & Order.

SO ORDERED.

Dated: June 1, 2020
       New York, New York

Vernon S. Broderick
United States District Judge

---

[4] Ordinarily, parties must deliver a courtesy hard copy of their proposed Order to Show Cause and supporting papers to my chambers for my signature.  However, as of the date of this Opinion & Order, in-person emergency applications have been temporarily suspended due to the COVID-19 pandemic, *see In re: Coronovirus/COVID-19 Pandemic,* M10-468, 20-mc-181.  If that suspension is still in place when Plaintiffs file their Order to Show Cause for default judgment, Plaintiffs need not provide me with a courtesy copy.