UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                      :
JUAN R. VICENTE, JUAN ZAMORA, and      :
LUIS BENITEZ,                                       :
*on behalf of themselves, FLSA Collective*      :
*Plaintiffs, and the Class*,                          :              18-CV-419 (VSB)
                                                      :
                                    Plaintiffs,      :              **OPINION & ORDER**
                                                      :
                  - against -                        :
                                                      :
LJUBICA CONTRACTORS LLC and          :
PREDRAG JANKOVIC,                           :
                                                      :
                                    Defendants.  :
                                                      :
--------------------------------------------------------X

Appearances:

Juan R. Vicente
*Pro Se Plaintiff*

C.K. Lee
Anne Melissa Seelig
Tenzin Shenpen Tashi
Lee Litigation Group, PLLC
New York, NY
*Counsel for Plaintiffs Zamora and Benitez*

Jacob Schindelheim
Koss & Schonfeld, LLP
New York, NY

John P. DeMaio
Leon M. Greenberg, Esq.
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

     Before me are the parties' cross motions for summary judgment in this action for unpaid

overtime and lost wages under federal and state labor laws.  For the reasons that follow,

Plaintiff's motion for summary judgment is GRANTED as to the issue of whether Defendants failed to provide Plaintiffs with wage-and-hour notices and paystubs under the New York Labor Law but otherwise DENIED, and Defendants' motion for summary judgment is GRANTED with respect to the dismissal of Plaintiff Vicente but is otherwise DENIED.

## I.    **Factual Background**[1]

Plaintiffs Luis Benitez and Juan Zamora[2] began performing general construction work for Defendant Ljubica Contractors LLC ("Ljubica" or "Contractor") in June 2014 and January 2016, respectively.  (Doc. 138 ("Benitez Decl.") ¶ 1; Doc. 139 ("Zamora Decl.") ¶ 1.)  Defendant Jankovic was Ljubica's owner and managed its day-to-day operations.  (Doc. 136-4 ("Jankovic Dep.") at 10.)  Ljubica's business included renovating apartments between the apartments being rented, and Jankovic hired Benitez and Zamora to perform painting, touchup, tiling, and carpentry tasks in connection with this work.  (Jankovic Dep. at 21–22.)

The parties dispute the terms of Plaintiffs' work for Ljubica.  According to Benitez and Zamora, they were each employees of Ljubica and required to work six or seven days per week, arriving at 7:30 a.m. and leaving after 5:00 p.m.  (Benitez Decl. ¶ 1; Zamora Decl. ¶ 1.)  Both Plaintiffs assert that at least four times per week, each "was generally required to work" until 8:00 p.m. or 10:00 p.m.  (*Id*.)  At each jobsite, Jankovic or other supervisors instructed them "on what to do and how to do the work required."  (Benitez Decl. ¶ 6; Zamora Decl. ¶ 6.)  Plaintiffs also claim that Ljubica provided tools at each site to assist in completing each job.  (Benitez Decl. ¶ 7; Zamora Decl. ¶ 7.)

---

[1] The facts set forth in this section are undisputed unless noted otherwise, and the parties dispute the use of certain terms and the admissibility of certain documents.

[2] As I discuss *infra*, Plaintiff Vicente will be dismissed from this action.

During his deposition, Jankovic contradicted some of Plaintiff's characterizations. For example, he testified that, rather than employees, Benitez and Zamora were more akin to freelancers or independent contractors. (Jankovic Dep. at 14–16, 19–20, 24.) Jankovic would assign Benitez or Zamora a particular apartment to renovate, describe the work that needed to be completed, and—with Benitez or Zamora's input—discuss the number of days or weeks the renovation would take. (*Id.* at 25, 31–32.) Aside from these general parameters, Jankovic claims that Benitez and Zamora were each free to work "whenever he feels," noting that apartment renovation work generally occurs from 8:00 a.m. – 4:00 p.m. or 9:00 a.m. – 5:00 p.m. depending on the building. (*Id.* at 18–19.) Jankovic described Benitez and Zamora as "independent contractors," as distinguished from Ljubica's "subcontractors," who hired their own employees (presumably, subcontractors took on larger jobs). (*Id.* at 19–20.) With regard to Plaintiffs' assertion that Ljubica provided them tools to complete their work, Jankovic testified that the owners of the apartments under renovation provided materials for each job, but that Benitez in particular was "well-equipped" with tools to perform specialized carpentry work. (*Id.* at 30–32.) Plaintiff's counsel did not question Jankovic as to whether supervisors were present at job sites. (*See generally* Jankovic Dep.)

In exchange for their work with Ljubica, Plaintiffs received lump-sum payments rather than hourly compensation. Plaintiffs characterize their compensation as a fixed per-day salary of either $120 or $150, (Benitez Decl. ¶ 4), or $160, (Zamora Decl. ¶ 4), and assert that their compensation did not include payment for the overtime they claim to have earned working as late as 10:00 p.m., (Benitez Decl. ¶ 5; Zamora Decl. ¶ 5). Jankovic, on the other hand, testified that Benitez and Zamora were "independent contractors," and therefore he paid them a flat rate, though his testimony that Plaintiffs were each "paid by day" and "per job" is slightly unclear.

(Jankovic Dep. at 20–21.)  There is no dispute that Plaintiffs did not receive paystubs or wage-and-hour notices.  (Benitez Decl. ¶ 10; Zamora Decl. ¶ 10, Jakovic Dep. at 17.)

Plaintiffs alleged they stopped working for Ljubica because they each were not paid for their final four weeks of work—Zamora in September 2016, (Zamora Decl. ¶ 1), and Benitez in December 2016, (Benitez Decl. ¶ 1).  Jankovic testified that he paid Plaintiffs for all of the work they performed, and that his and Ljubica's relationship with Plaintiffs ended when Plaintiffs each stopped showing up for work.  (Jankovic Dep. at 14–16 (Zamora); *id*. at 26–27 (Benitez).)

## II.    **Procedural History**

Plaintiffs Juan Vicente, Juan Zamora, and Luis Benitez initiated this action on January 17, 2018 by filing a complaint.  (Doc. 1.)  Plaintiffs Vicente, Zamora, and Benitez claimed that federal and state law entitled them to lost wages and liquidated damages.  (*See generally id*.)  On March 21, 2018, Defendant Ljubica filed an answer through counsel.  (Doc. 7.)  On April 9, 2018, I referred this case for settlement to the designated magistrate judge, who at the time was Magistrate Judge Debra Freeman.  (Doc. 13.)  The case and referral were then reassigned to Magistrate Judge Ona T. Wang.  On May 17, 2018, I granted Plaintiffs leave to file an amended complaint.  (Doc. 21.)  The amended, operative complaint, filed May 24, 2018, names Ljubica Contractors and Predrag Jankovic ("Jankovic"), Ljubica's owner, as Defendants, (Am. Compl. ¶¶ 8–9).

According to Magistrate Judge Wang, "matters devolved rapidly" during her pretrial coordination of the case.  (Doc. 44 at 3.)  The attorney who had appeared to represent Defendant Ljubica failed to appear for numerous in-person conferences before Judge Wang, failed to comply with Judge Wang's pretrial orders relating to settlement and discovery, and did not

explain whether he represented Ljubica or Jankovic.  (Doc. 44 at 10–12.)  Judge Wang found

defense counsel's conduct improper and imposed monetary sanctions on him.  (*Id.*)

On June 28, 2019, prompted by Judge Wang, Plaintiffs moved for summary judgment on

all claims.  (Doc. 47.)  Defendants did not oppose the motion.  On August 20, 2019, Judge Wang

issued a Report and Recommendation that I treat Plaintiffs' motion for summary judgment as

unopposed.  (Doc. 54.)  On June 1, 2020, I issued an Opinion & Order denying Plaintiff's motion

for summary judgment as unsupported by admissible evidence.  (Doc. 55.)  *See Vicente v.

Ljubica Contractors LLC*, No. 18-CV-419, 2020 WL 2832808 (S.D.N.Y. June 1, 2020).[3]

However, because I found Defendants' conduct in the case "constitute[d] failure 'to otherwise

defend' this action within the meaning of Federal Rule of Civil Procedure 55," I directed the

Clerk of Court to enter default in Plaintiff's favor.  (Doc. 55 at 14–15.)

Following service on Defendants of the Clerk's Certificate of Default, on October 7,

2020, attorney Jacob Schindelheim entered an appearance on behalf of Defendants Ljubica and

Jankovic.  (Doc. 62.)  On May 9, 2021, I vacated the default, (Doc. 68), and entered a Case

Management Plan and Scheduling Order, (Doc. 69).[4]  On November 8, 2021, Defendants filed a

letter through counsel informing me that Plaintiff Juan Vicente had died.  (Doc. 82.)  Although

counsel for Plaintiffs protested Defendants' claim that Plaintiffs had concealed Vicente's death,

(*see* Doc. 83), eventually Plaintiffs indicated they anticipated the dismissal of Vicente from this

---

[3] In denying summary judgment, I noted that "Plaintiffs do not even submit affidavits to support their motion, instead submitting only two documents as exhibits:  (1) a purported copy of New York Department of State Division of Corporations Entity Information webpage for Defendant Ljubica, and (2) a document containing wage calculations for each Plaintiff, prepared by an unknown individual without reference to any supporting documents." (Doc. 55 at 12.)

[4] On June 1, 2021, Plaintiffs filed a motion to sanction Defendants and their former counsel for "needlessly" protracting this litigation.  (Doc. 72.)  On December 5, 2022, Judge Wang denied the motion, noting that Defendant Jankovic, through his counsel, affirmed that the previous attorney had not informed him of the status of this litigation.  (Doc. 143.)

action, (Doc. 90).  Counsel for Plaintiffs thereafter withdrew their representation of Vicente.

(Docs. 100, 104–08.)  Although Judge Wang granted Plaintiffs' counsel's initial motion to

withdraw representation of Vicente and Benitez, (Doc. 100), Judge Wang granted Plaintiff's

counsel's request to be reinstated as counsel for Benitez, (Docs. 104–08).  On April 27, 2022,

Judge Wang issued a Report and Recommendation ("Report") that Vicente be dismissed from

this action; no party has filed an objection to the Report.  (Doc. 112.)

Thereafter, Judge Wang oversaw a period of discovery, (*see* Docs. 111, 115–20, 125–33),

and on November 4, 2022 set a briefing schedule for the parties' instant motions for summary

judgment.  (Doc. 135.)

On December 2, 2022, Plaintiffs filed a motion for summary judgment, (Doc. 137), an

accompanying memorandum of law, (Doc. 141 ("Pl. Mem.")), a Rule 56.1 Statement (Doc. 142

("Pl. 56.1 Stm."), and other supporting documents.  The same day, Defendants filed a motion for

summary judgment, (Doc. 136), attaching a memorandum of law, (Doc. 136-6 ("Def. Mem.")), a

Rule 56.1 Statement (Doc. 136-5 ("Def. 56.1 Stm.")), and supporting documents.  Plaintiffs filed

their opposition to Defendants' motion on December 16, 2022.  (Doc. 145 ("Pl. Opp'n").)

Defendants filed their opposition to Plaintiff's motion on December 20, 2022.  (Doc. 150 ("Def.

Opp'n").)  Neither party filed a reply to the other's motion, and the motions are now fully

briefed.[5]

---

[5] The Clerk's Office marked Defendants' December 2, 2022 motion and attachments as deficient because certain documents were mislabeled in the Court's electronic case management system.  (*See* Doc. 136.)  Defendants also filed their opposition to Plaintiff's motion for summary judgment four days after the deadline Judge Wang had specified in her briefing order.  (*Compare* Doc. 135, *with* Doc. 150.)  Plaintiffs therefore moved to strike Defendants' opposition brief.  (Docs. 148, 156.)  It is within my discretion to consider pleadings that do not comply with court rules, and I exercise my discretion to consider Defendants' summary-judgment briefing here.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001), *abrogated on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009).

III.    **Legal Standard**

To prevail on a motion for summary judgment, a movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine and material if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Cross Com. Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 162 (2d Cir. 2016) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:  (A) citing to particular parts of materials in the record, including depositions . . . or declarations," or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

As I consider the record, I must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001) (citations omitted). "Once the moving party has carried its burden" of citing portions of the record evincing no genuine dispute as to any material fact, "the nonmoving party 'must come forward with specific facts showing there is a genuine issue for trial,' bearing in mind that 'the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient.'" *Barr v. City of New York*, No. 16-CV-5266, 2018 WL 3407705, at *3 (S.D.N.Y. July 2, 2018) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Still, viewing the evidence in the light most favorable to the non-moving party means that I may not "weigh the evidence" and must "eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted).

IV.    **Discussion**

Plaintiffs bring three claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 206–207, and the New York Labor Law ("NYLL"), N.Y. Labor Law §§ 195 and 652.  (*See*

Am. Compl. ¶¶ 35–46 (FLSA), 47–53 (NYLL).)  First, Plaintiffs claim they are entitled to

unpaid overtime in violation of the FLSA and the NYLL because they consistently worked more

than 40 hours per week.  (Pl. Mem. 2–4.)  Second, Plaintiffs claim they are entitled to unpaid

wages because neither of them received any compensation during their final four weeks of

employment.  (*Id*. at 4.)  Third, Plaintiffs claim they did not receive paystubs or wage-and-hour

notices as required by the Wage Theft Prevention provision of the NYLL, N.Y. Labor Law § 195.

(*Id.* 5–6.)

Plaintiffs moved for summary judgment on all of their claims, including that Plaintiffs are

entitled to liquidated damages for Defendants' alleged violations, that Defendants Ljubica and

Jankovic are jointly and severally liable, and on the threshold question of whether Zamora and

Benitez were employees of Defendants as a matter of law.  Defendants have also moved for

summary judgment, arguing that Vicente and Benitez's claims have already been dismissed, that

Zamora and Benitez were not employees of Defendants as a matter of law, that Jankovic is not

liable because Plaintiffs have not established that he owned Ljubica, and that Zamora cannot

maintain this case as a class action.

Because each party has moved for summary judgment, I examine "each party's

motion . . . on its own merits," drawing all reasonable inferences "against the party whose

motion is under consideration."  *Lumbermens Mut. Cas. Co. v. RGIS Inventory Specialists, LLC*,

628 F.3d 46, 51 (2d Cir. 2010) (internal quotation marks omitted).  I address each issue in its

procedural order, noting as appropriate where the competing motions overlap.

## A. *The Status of Plaintiffs Vicente and Benitez*

Before addressing the substantive issues, I address Defendants' assertion they are entitled to summary judgment against Plaintiffs Vicente and Benitez because these parties were dismissed by Judge Wang's February 2, 2022 Order granting Plaintiff's counsel leave to withdraw. (Def. Mot. at 4–6; Doc. 100 (February 2, 2022 Order).) Defendants emphasize that in granting Plaintiff's counsel permission to withdraw, Judge Wang ordered Vicente and Benitez to, within 30 days of service of the order, file a letter informing her whether they would retain new counsel or proceed pro se. (Doc. 100.) Judge Wang warned Benitez and Vicente that failure to comply with this order would result in a recommendation that their claims be dismissed for failure to prosecute. (*Id*.)

Defendants appear not to have read or chosen to ignore Judge Wang's April 27, 2022 Report and Recommendation. (Doc. 112.) The Report notes that Plaintiff Benitez informed his former counsel that he wished to pursue this litigation, (*id*.), and Plaintiff's counsel also re-entered an appearance for Benitez, (Docs. 106–08). Thus, Defendants' objection to Benitez's presence in this litigation is misplaced, and their motion is denied as to Benitez.

As Judge Wang explained in her Report, Plaintiff Vicente did not respond to the February 2, 2022 Order, and the Report recommends I dismiss Plaintiff Vicente for failure to prosecute. (Doc. 112.) Therefore, Defendants' motion for summary judgment is granted as to Vicente, and I also ADOPT Judge Wang's report.[6]

---

[6] I note that on November 8, 2021, Defendants filed a letter through counsel informing me that Plaintiff Juan Vicente had died, (Doc. 82), and that no motion to substitute was ever filed pursuant to Fed. R. Civ. P. 25.

### B.    *Whether Plaintiffs are "Employees"*

Turning to the merits, I first address the threshold question of Plaintiffs' employment status.  "The strictures of both the FLSA and NYLL apply only to employees," not to independent contractors.  *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 534 (2d Cir. 2016).  "Because the [FLSA and NYLL] statutes define 'employee' in nearly identical terms, [courts] construe the NYLL definition as the same in substance as the definition in the FLSA." *Id.* (citing *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 78 (2d Cir. 2003)).  Thus, whether Benitez and Zamora are "employees" of Defendants within the meaning of these statutes is a threshold question for their claims.

Courts in this Circuit apply an "economic reality" test to determine whether an individual qualifies as an employee.  *Zheng*, 355 F.3d at 66 (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)).  The basic question is whether, under the "totality of the circumstances" and "as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service," in which case they are employees, or whether the workers "are in business for themselves," and thus independent contractors.  *Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 139 (2d Cir. 2017) (quoting *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)).  Relevant factors in the inquiry are "(1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business."  *Aquino v. Uber Techs., Inc.*, 671 F. Supp. 3d 338, 344 (S.D.N.Y. 2023) (quoting *Brock*, 840 F.2d at 1058–59).  "The existence and degree of each factor of the 'economic realities' test is a question of fact, while the legal

conclusion to be drawn from these facts—whether workers are employees or independent

contractors—is a question of law." *McGuiggan v. CPC Int'l, Inc.*, 84 F. Supp. 2d 470, 480

(S.D.N.Y. 2000) (quoting *Brock*, 840 F.2d at 1059) (alterations adopted).

Starting with the first factor—the degree of control that Defendants exercised over

Plaintiffs' work—the declarations of Zamora and Benitez paint a diametrically opposite picture

from the deposition testimony of Jankovic.  Plaintiffs claim they "had no freedom with any

aspect of their schedules," "had no choice in accepting or declining projects," worked under

supervision at each project, used Defendants' tools to complete their work, and did not agree that

their per-day compensation was meant to cover the overtime hours they worked.  (*See* Pl. Mot. at

9; Zamora Decl. ¶¶ 3–7; Benitez Decl. ¶¶ 3–7.)  In contrast, Jankovic testified that Zamora and

Benitez set their own schedule, were "freelancers" and therefore able to pick and choose among

the jobs they could take, and occasionally supplied their own tools.  (Jankovic Dep. at 14–16,

18–19, 24.)  Thus, there are factual disputes as to the degree of control Defendants exercised

over Plaintiffs' schedules and the manner in which Plaintiffs performed their work.  These factual

disputes suggest summary judgment is improper.  However, no one factor is dispositive in the

analysis, however, *see Aquino*, 671 F. Supp. 3d at 344 (citations omitted), so I proceed to

examine the remaining factors.

Under the second factor, a hired party's "'control over essential determinants of profits in

the business' . . . weighs in favor of independent contractor status." *Franze v. Bimbo Bakeries

USA, Inc.*, 826 F. App'x 74, 77 (2d Cir. 2020) (summary order) (quoting *Saleem*, 854 F.3d at

145).  There is little evidence in the record on which a jury could conclude that Plaintiffs

"share[d] in [Defendants'] profits or invested in the business." *Aquino*, 671 F. Supp. 3d at 345.

To the contrary, Jankovic testified that he paid Plaintiffs a flat rate for their work, rather than a

percentage of the amount he charged the owners of the apartments under renovation.  (Jankovic Dep. at 20–21.)  This factor thus weighs towards concluding that Plaintiffs were Defendants' employees.

The third factor—the degree of skill and independent initiative required to perform the work—weighs in favor of independent contractor status when the hired party's success "require[s] substantial independent initiative and . . . skills not provided by [the hiring party]." *Bimbo*, 826 F. App'x at 78.  The record here is mixed, and not dispositive.  On the one hand, the painting, carpentry, and related skills that Plaintiffs used while working for Defendants required a moderate amount of skill and experience to perform adequately.  Jankovic did not testify that he trained Plaintiffs in any way, and stated that Benitez "was more into carpentry" and was "well-equipped" with tools for the jobs.  (Jankovic Dep. at 24, 30–31.)  These facts weigh in favor of independent contractor status.  On the other hand, Jankovic's testimony that Plaintiffs received the raw materials for their work at each jobsite from the apartment owners, and that Plaintiffs were easily interchangeable with other workers, weigh in favor of employee status. (*Id*. at 27–28, 31.)  Thus, this factor is neutral.

The next factor, the permanence or duration of the working relationship, is also neutral.  Generally, indicia of consistency and exclusivity in the relationship between the hired party and the hiring party weigh towards employee status.  *See Brock*, 804 F.2d 1060–61.  Here, although Jankovic's testimony at times indicates that Ljubica worked with Plaintiffs on a per-job basis with no obligation to continue, (*e.g.*, Jankovic Dep. at 25), he also suggests that the company's relationship with Plaintiffs was ongoing and exclusive between the time he first "hired" Plaintiffs and the time that, according to Jankovic, Plaintiffs stopped showing up for work, (*id*. at 15–16.)

These pieces of the record point in different directions as to this factor such that this factor is neutral.

Finally, as to the fifth factor—whether the hired party's work was integral to the hiring party's business—Defendants concede that "LJUBICA is a construction business and Plaintiffs performed basic construction tasks." (Def.'s Opp'n at 7.) This factor thus weighs in favor of employee status. *See Bimbo*, 826 F. App'x at 78.

### 1. Plaintiffs Are Not Entitled to Summary Judgment

Weighing the factors together and considering the facts and circumstances of this case, I conclude that genuine disputes of material fact preclude summary judgment for Plaintiffs. As noted, there are material discrepancies between Jankovic's testimony and Plaintiffs' declarations regarding Plaintiffs' ability to set their own schedules and accept or decline particular jobs, whether and how Plaintiffs' work was supervised, whether Plaintiffs were provided tools to work with, and whether Plaintiffs' working relationships with Defendants were exclusive. The questions of fact leave genuine disputes as to the degree of "control" Defendants exercised over Plaintiffs at work, and as to whether Plaintiffs "depend on [Defendants'] business for the opportunity to render service" as handymen. *Saleem*, 854 F.3d 129 (internal quotation marks omitted). Plaintiffs are thus not entitled to summary judgment on this issue.

### 2. Defendants Are Not Entitled to Summary Judgment

The same disputes of material fact that preclude summary judgment for Plaintiffs on this issue also preclude summary judgment for Defendants. These disputes, viewed in the light most favorable to Plaintiffs, suggest that a jury could reasonably conclude that many of the relevant factors weigh in favor of concluding that Benitez and Zamora were employees of Defendants. However, I would need to "weigh the evidence" and make "credibility assessments" to resolve

the discrepancies between Jankovic's testimony and Plaintiffs' declarations, but such determinations are prohibited at summary judgment. *Amnesty Am.*, 361 F.3d at 122 (internal quotation marks omitted). Thus, Defendants are not entitled to summary judgment on this issue.

### C. *Whether Defendants Are "Employers"*

Both parties have also moved for summary judgment on the issue of whether Ljubica and Jankovic are "employers" and therefore subject to liability under the relevant statutes. When courts ask whether an individual or entity is liable as an "employer" under the FLSA or the NYLL, they answer the question by using an "economic realities" test that bears substantial overlap with the test to determine whether a hired party is an employee or an independent contractor. *See Zheng*, 355 F.3d at 67–68 (citing, *inter alia*, *Brock*, 840 F.2d at 1058–59); *see also supra* § IV.B. "[T]he overarching concern" of the employer test "is whether the alleged employer possessed the power to control the workers in question," *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citation omitted), just as the hiring party's "control" over the alleged employees is a factor in the employee test, *Brock*, 840 F.2d at 1058–59.

### 1. Plaintiffs Are Not Entitled to Summary Judgment

As discussed *supra* § IV.B., there are numerous factual disputes regarding the degree to which Jankovic and Ljubica controlled Plaintiffs' work. Since "control" is "the overarching concern" in deciding whether Defendants are "employers," Plaintiffs are not entitled to summary judgment. *Herman*, 172 F.3d at 139.

### 2. Defendants Are Not Entitled to Summary Judgment

Questions of fact also preclude summary judgment for Defendants on the issue of whether Jankovic was an "employer." Defendants argue that Jankovic is not liable because Plaintiffs have "failed to establish" that Jankovic "has any ownership interest" in Ljubica. (Def.

Mot. at 9.)  As Plaintiffs point out, (Pl. Opp'n at 8), the question is not whether Jankovic owns or

has a membership interest in Ljubica LLC, it is whether Jankovic qualifies as an employer under

the economic realities test described above.  Whether Jankovic has an ownership interest in

Ljubica is only relevant to the extent that it informs whether, under the economic realities of the

situation, he has the power to exercise sufficient control over Plaintiffs to render him their

employer.  *Moon v. Kwon*, 248 F. Supp. 2d 201, 237 (S.D.N.Y. 2002).   ("The overwhelming

weight of authority is that a corporate officer with operational control of a corporation's covered

enterprise is an employer along with the corporation, jointly and severally liable under the FLSA

for unpaid wages." (internal quotation marks omitted)).  The questions of fact regarding control

that preclude summary judgment for Plaintiffs also preclude summary judgment for Defendants.

### D.    *Unpaid Overtime*

Plaintiffs, citing only to the declarations of Benitez and Zamora, claim that they are

entitled to summary judgment on their FLSA and NYLL unpaid-overtime claims.  The two

elements that a plaintiff must prove to sustain a FLSA unpaid overtime claim are:  (1) "that he

performed work for which he was not properly compensated," and (2) "that the employer had

actual or constructive knowledge of that work."  *Lawtone-Bowles v. City of New York*, No. 16-

CV-4240, 2020 WL 2833366, at *2 (S.D.N.Y. June 1, 2020) (quoting *Kuebel v. Black & Decker

Inc.*, 643 F.3d 352, 361 (2d Cir. 2011)).  "Both of these elements are questions of fact."  *Id.*

(citing *Holzapfel v. Town of Newburgh*, 145 F.3d 516, 521 (2d Cir. 1998)).  The NYLL "adopts

the [FLSA] standard" and "incorporat[es] the FLSA definition of overtime."  *Nakahata v. New

York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing N.Y. Comp.

Codes R. & Regs. tit. 12, § 142–2.2 (2011)).

Plaintiffs are not entitled to summary judgment on their unpaid overtime claims. Putting aside the question of whether Plaintiffs' evidence is sufficient to satisfy their burden on the first element of an unpaid-overtime claim, Plaintiffs have mustered no evidence to sustain their burden on the second element—that Defendants had "actual or constructive knowledge" of Plaintiffs' work hours. *Lawtone-Bowles*, 2020 WL 2833366, at *2 (citation omitted). Plaintiffs' Rule 56.1 Statement and each Plaintiffs' declarations state, in the passive voice, that each Plaintiff "was scheduled" or "was required" to work certain hours for which overtime payments are allegedly owed. (Pl. 56.1 Stm. ¶¶ 6–8, 25–27.) Neither of these statements explains the person or entity that imposed these burdens. Plaintiff also states that Benitez and Zamora each received a flat wage "regardless of actual hours worked," that "Defendants did not track [each Plaintiffs'] hours worked," "there was never any understanding or agreement that the fixed salary was intended to cover any overtime hours worked," and that Jankovic "negotiated . . . pay directly" with each Plaintiff. (Pl. 56.1 Stm. ¶¶ 9–12, 28–32.) During his deposition, Jankovic disclaimed any knowledge of hours Plaintiffs worked. (Jankovic Dep. at 18–19.) At summary judgment, I may not weigh the credibility of Jankovic's testimony on this topic. *Amnesty Am.*, 361 F.3d at 122. On this record, a jury could reasonably conclude that neither Ljubica and Jankovic "kn[ew] or ha[d] reason to know that [Plaintiffs were] working overtime." *Holzapfel*, 145 F.3d at 524.

### E.    *Unpaid Wages*

Plaintiffs' unpaid-wages claim is that Benitez and Zamora are entitled under the FLSA and the NYLL to recover wages earned but not paid during the last four weeks of their respective terms of employment. (*See* Pl. Mot. at 4.) Outside of the minimum wage context, the FLSA does not support a claim for unpaid wages. *Hosseini v. Miilkiina LLC*, No. 22-CV-1459, 2023

WL 2136390, at *4 (S.D.N.Y. Feb. 21, 2023) (quoting *Nakahata*, 723 F.3d at 201) ("The FLSA statute requires payment of minimum wages and overtime wages only.").  Plaintiffs' claim is not that they are entitled to the gap between their actual compensation and the federal minimum wage—their complaint does not include the phrase "minimum wage"—but instead is that they are entitled to "agreed-upon wages."  *Hosseini*, 2023 WL 2136390, at *4 (internal quotation marks omitted).  Plaintiffs may not "bring what is akin to a nonpayment or breach of contract claim" under the FLSA.  *Barone v. Inspire Summits LLC*, 2022 WL 3139124, at *2 (E.D.N.Y. Aug. 4, 2022) (citation omitted); *accord Hosseini*, 2023 WL 2136390, at *4 (citing *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 110–11 (S.D.N.Y. 2015); *Barone*, 2022 WL 3139124, at *2; *McCormick v. Phinizy & Phebe Handmade LLC*, 2020 WL 13572189, at *5 (E.D.N.Y. Aug. 17, 2020)).  Thus, they are not entitled to summary judgment on a FLSA unpaid-wages claim.

The NYLL, on the other hand, does support standalone unpaid-wage claims. *Nakahata*, 723 F.3d at 202 (citing N.Y. Labor Law § 663(1)) (explaining that "an allegation of hours worked without compensation may give rise to a gap-time claim" under the NYLL).  For purposes of Plaintiffs' motion, Jankovic's testimony that neither Zamora nor Benitez ever went unpaid is sufficient grounds to deny summary judgment.  (Jankovic Dep. at 17, 27.)  In other words, Jankovic's deposition creates a question of fact whether it is true that Plaintiffs worked any hours without compensation.  Summary judgment is therefore inappropriate on this claim.

## F.    *Wage-and-Hour Notices and Paystubs*

Plaintiffs are entitled to summary judgment on the issue of whether, under the NYLL, Defendants failed to provide either wage-and-hour notices or notices "with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages."  *Perdomo v. 113-117 Realty, LLC*, No. 18-CV-9860,

2019 WL 6998621, at *6 (S.D.N.Y. Dec. 20, 2019) (quoting N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.7); *see also* N.Y. Labor Law §§ 195, 661. Jankovic admitted in deposition that he did not provide such notices, (Jakovic Dep. at 17), and Defendants do not oppose summary judgment on this issue, (Def. Opp'n at 9). Because Defendants have failed to identify a genuine dispute of material fact on this issue, Plaintiffs are entitled to summary judgment that Defendants failed to provide wage-and-hour notices or paystubs. *Cf. Lopez v. MNAF Pizzeria, Inc.*, No. 18-CV-6033, 2021 WL 1164336, at *11 (S.D.N.Y. Mar. 25, 2021) (granting partial summary judgment on wage-and-hour notice and paystub claims based on defendant's admission in deposition that he never provided the plaintiffs with paystubs or notices). As discussed *supra* § IV.B.1, however, Plaintiffs have not shown as a matter of law that they were "employees" to which the NYLL protections apply. Thus, to succeed on the overall claim at trial, Plaintiffs must show at trial that Defendants are "employers" within the meaning of the NYLL, *see* supra § IV.C., but need not prove that Defendants failed to provide paystubs or wage-and-hour notices.

### G.    *Zamora's Ability to Represent a Class*

Defendants claim they are entitled to summary judgment on Zamora's class claims because Zamora's "individual NYLL claim fails." (Def. Mot. at 8.) *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73 (2013) ("[R]espondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in this action."). Since Defendants are not entitled to summary judgment on Zamora's NYLL claim, the underlying rationale for this portion of their motion fails, and they are not entitled to summary judgment on this issue.

### H.    *Liquidated Damages and Attorneys' Fees*

Plaintiffs also move for summary judgment that they are entitled to liquidated damages under the FLSA and the NYLL, and that they are entitled to attorneys' fees and costs.  Because summary judgment is denied on the underlying FLSA and NYLL claims, Plaintiffs' motion for summary judgment on issues of liquidated damages, fees, and costs is denied as well.  *Cf. Lawtone-Bowles*, 2020 WL 2833366, at *5 ("Because Plaintiffs' motion for summary judgment is denied on the underlying unpaid overtime violations, their motion for summary judgment on liquidated damages and willfulness is also denied.").

## V.    **Conclusion**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is GRANTED in part and DENIED in part consistent with this Opinion & Order.  Magistrate Judge Wang's Report & Recommendation dated April 27, 2022 is ADOPTED in full.  (Doc. 112.)

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment as to Plaintiff Vicente's claims is GRANTED, and Plaintiff Vicente shall be DISMISSED from this action.  The balance of Defendant's Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that I will hold a conference in this matter regarding trial dates and settlement on February 25, 2025 at 11:00 a.m. in Courtroom 518 of the Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007.  Prior to the conference, the parties shall meet-and-confer, then submit a joint status letter no later than February 18, 2025.

The Clerk of Court is respectfully directed to terminate the pending motions at Docs. 137 and 152.

SO ORDERED.

Dated: January 14, 2025
       New York, New York

Vernon S. Broderick
United States District Judge