```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
JUAN ZAMORA & LUIS BENITEZ,                             :
                                                        :
                            Plaintiffs,                 :
                                                        :              18-CV-419 (VSB)
              - against -                               :
                                                        :              **OPINION & ORDER**
                                                        :
LJUBICA CONTRACTORS LLC &                               :
PREDRAG JANKOVIC,                                       :
                                                        :
                            Defendants.                 :
                                                        :
--------------------------------------------------------X
```

Appearances:

C.K. Lee
Anne Melissa Seelig
Tenzin Shenpen Tashi
James Jackson
Lee Litigation Group, PLLC
New York, NY
*Counsel for Plaintiffs*

Jacob Schindelheim
Koss & Schonfeld, LLP
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

  Before me is Plaintiffs' letter motion for Plaintiff Luis Benitez to appear remotely at trial, and Defendants' motion to preclude Benitez's remote testimony because he lacks standing. Because I find that Benitez has standing to sue under the federal Fair Labor Standard Act and the New York Labor Law and because Benitez has shown good cause and compelling circumstances to testify remotely, Defendants' motion is DENIED and Plaintiffs' motion is GRANTED.

I. **<u>Factual Background and Procedural History</u>**[1]

Plaintiffs Luis Benitez and Juan Zamora bring this labor law action against Defendants for unpaid overtime and lost wages under the federal Fair Labor Standard Act ("FLSA") and the New York Labor Law (the "NYLL"). A jury trial in this case is expected to last three days and is scheduled to begin on September 8, 2025.

On August 15, 2025, Plaintiffs filed a letter motion requesting that I permit Plaintiff Benitez to appear remotely for trial, as he was "recently removed from the United States by immigration authorities." (Doc. 187.) On August 21, 2025, Defendants objected to Plaintiffs' request, citing concerns regarding their "entitle[ment] to conduct a full and fair cross-examination and . . . [the] opportunity to defend their case." (Doc. 189 at 1.) Defendants further object to Benitez's remote testimony because of Plaintiffs' prior objection to Defendants' request that Individual Defendant Predrag Jankovic ("Jankovic") testify remotely. (*Id*.) Defendants also assert that "to the extent that Benitez was not legally permitted to work in the United States during the timeframe in which the allegations in this action arose, he has no standing to maintain the claims asserted in this action." (*Id*.) The Defendants thus seek that all claims brought by Benitez be dismissed for lack of standing. (*Id*.)

By endorsement filed on August 22, 2025, I directed the parties to file simultaneous "briefs by Wednesday, August 27, 2025 addressing (i) Plaintiffs' request that Plaintiff Benitez appear remotely for trial and (ii) Plaintiff Benitez's standing to maintain the FLSA and NYLL claims asserted in this action." (Doc. 190.) The parties filed their briefs on August 27, 2025. (Docs. 191–92.) Plaintiffs assert that "Benitez is unable to reenter the country lawfully" and thus "[a] remote appearance for Defendant Jankovic would be merely out of convenience, while one

---

[1] I assume the parties' familiarity with the facts and procedural history of this action, which are set forth in my prior Opinion & Order, (Doc. 169), and recite only the background relevant to resolving the instant letter motion.

for Plaintiff Benitez would be out of necessity." (Doc. 191 at 1.) Defendants disagree and note that "[w]hile Plaintiffs' counsel refers to Jankovic's request merely for convenience . . . that cannot be the basis for a meaningful distinction." (Doc. 192 at 1.) Defendants reiterate their administrative and procedural concerns regarding remote testimony, including the impact that the remote testimony may have on the "jury's ability to determine the credibility of the witness." (*Id.* at 1–2.)

Because I find Plaintiff Benitez has standing and the law clearly provides that a FLSA and NYLL plaintiff can testify remotely under the circumstances presented here, Defendants' request that all claims brought by Plaintiff Benitez be dismissed is DENIED and Plaintiff Benitez's request that he be permitted to testify remotely is GRANTED.

## II. Discussion

### A. Plaintiff Benitez Has Standing to Assert FLSA and NYLL Claims

#### *1. Legal Standard*

"Regarding plaintiff's immigration status, 'federal courts have made clear that the protections of the FLSA and NYLL are available to citizens and undocumented workers alike.'" *Ji v. Aily Foot Relax Station, Inc.*, No. 19-CV-11881, 2023 WL 35240, at *1 (S.D.N.Y. Jan. 4, 2023) (alterations adopted) (quoting *Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 9 (S.D.N.Y. 2015) (internal quotation marks and citation omitted); *see also Saavedra v. Mrs. Bloom's Direct, Inc.*, No. 17-CV-2180, 2018 WL 2357264, at *3 (S.D.N.Y. May 24, 2018) (noting that "the law in this Circuit is clear that a plaintiff's immigration status has no bearing on her rights to recover unpaid wages under the FLSA or New York Labor Law").

"The law is clear that that 'any individual' is entitled to pursue an action under the Fair Labor Standards Act," *Francois v. Mazer*, No. 9-CV-3275, 2012 WL 1506054, at *1 (S.D.N.Y. Apr. 24, 2012) (quoting 29 U.S.C. § 203(e)(1)), and "[t]here are a number of cases that have

found that evidence of immigration status has no bearing on matters of consequence to be determined under the FLSA, and to be both undiscoverable and inappropriate topics for trial," *id.* (collecting cases). *See also Colon v. Major Perry Street Corp.*, 987 F. Supp. 2d 451, 453 (S.D.N.Y. 2013) ("[U]ndocumented workers . . . [are] eligible to recover unpaid minimum wage and overtime wages under FLSA."); *Solis v. Cindy's Total Care, Inc.,* No. 10-CV-7242, 2011 WL 6013844, at *3 (S.D.N.Y. Dec. 2, 2011) (employer cannot "assert a defense under the FLSA on the grounds of the employee's immigration status" to deny "a claim for backpay on behalf of undocumented workers who earned, but were not paid, overtime wages," because such claims "vindicate[ ] not only the policy underlying the FLSA but also federal immigration policy."); *Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 17-CV-816, 2017 WL 10456190, at *3 (S.D.N.Y. Nov. 22, 2017) ("[E]ven if Plaintiffs were working without proper authorization, this is not a bar to bringing a claim under the FLSA."). Courts have similarly found that immigration status has no bearing on NYLL claims. *See, e.g.*, *Rosas*, 127 F. Supp. 3d at 9–10 (holding that the defendants' contentions that a worker who violates the Immigration Reform and Control Act is barred from recovery under the NYLL fail "where a plaintiff seeks backpay for work actually performed"); *Francois*, 2012 WL 1506054, at *1 (finding "that evidence of immigration status is irrelevant and therefore not admissible regarding any issue with respect to any New York state law claim" after excluding evidence of immigration status from consideration for the FLSA claims); *Kim v. Kum Gang, Inc.*, No. 12-CV-6344, 2014 WL 2510576, at *1 n.1 (S.D.N.Y. June 2, 2014) (finding that "[t]he immigration status of the plaintiffs is not relevant [because plaintiffs] . . . seek full payment for work that they have performed while in defendants' employ" and undocumented workers are protected by the FLSA and New York Labor Law); *Pacheco v. Chickpea at 14th St. Inc.*, No. 18-CV-251, 2019 WL 2292571, at *6 (S.D.N.Y. May 30, 2019) ("the type of claims pled here — seeking to use the NYLL to remedy a failure to pay for past

4

work performed — are available even to a plaintiff without documented status"), *report and recommendation adopted*, 2019 WL 3554460 (S.D.N.Y. Aug. 5, 2019); *see also Madeira v. Affordable Hous. Found., Inc.*, 469 F.3d 219, 254 (2d Cir. 2006) (holding that U.S. Immigration and Reform Control Act does not preempt New York Labor Law allowing an individual unauthorized to work in the U.S. to recover compensatory damages for lost earnings).

### 2. *Application*

Defendants state that "to the extent that Benitez was not legally permitted to work in the United States during the timeframe in which the allegations in this action arose, he has no standing to maintain the claims asserted in this action." (Doc. 187.) In support of the argument the Benitez does not have standing to maintain the FLSA and NYLL claims asserted in this action, Defendants cite *Saiyed v. Archon, Inc.*, No. 14-CV-6862, 2016 WL 929313 (E.D.N.Y. Mar. 7, 2016) and *Del Rey Tortilleria v. NLRB*, 976 F.2d 1115 (7th Cir. 1992). (Doc. 192 at 2.) These cases are inapposite and Defendants' argument is not persuasive. First, the court in *Sayed* rejected the defendant's argument that the complaint should be dismissed due to plaintiff no longer residing in the United States after his visa expired because the plaintiff "filed th[e] lawsuit . . . before he left the country and has a New York law firm handling the dispute." 2016 WL 929313, at *6. Second, *Del Rey Tortilleria* is a non-binding out-of-Circuit decision which held that undocumented workers who were discharged in violation of the National Labor Relations Act could not be awarded backpay for any period during which they were not lawfully entitled to be present and employed in the United States. 976 F.2d at 1121 (citations omitted). *Del Rey Tortilleria* is distinguishable from this case because the employees there "d[id] not seek recovery for work already performed, but for work which they would have performed if they had remained working for the [c]ompany"—unlike the Plaintiffs here, who seek damages for work actually performed—and the "right to backpay under [] FLSA . . . [w]as not at issue." *Id.* at

5

1122 n.7.  Moreover, the "law in this Circuit is clear that a plaintiff's immigration status has no bearing on [his] rights to recover unpaid wages under the FLSA or New York Labor Law." *Saavedra*, 2018 WL 2357264, at *3 (citation omitted).

Defendants cannot assert Benitez's immigration status as a defense to the FLSA or NYLL claims.  "Because the plaintiffs here seek payment under the FLSA and the NYLL only for work already performed[,] . . . the [Immigration Reform and Control Act] has no bearing on their ability to recover backpay."  *Rosas*, 127 F. Supp. 3d at 10; *see also id.* (collecting cases holding immigration status irrelevant to FLSA and NYLL wage-and-hour claims).  "To countenance [Defendants'] argument would be to deny undocumented workers the protection of the FLSA and NYLL, permitting 'abusive exploitation of workers' and 'creating an unacceptable economic incentive to hire undocumented workers by permitting employers to underpay them.'" *Saavedra*, 2018 WL 2357264, at *3 (quoting *Rosas*, 127 F. Supp. 3d at 9).  Therefore, Defendants' request to dismiss Benitez's claims for lack of standing is DENIED.

## B. **Plaintiff Benitez Can Appear Remotely at Trial By Video-conference**

### 1. *Legal Standard*

Although Federal Rule of Civil Procedure 43 generally provides that "[a]t trial, [a] witness['s] testimony must be taken in open court," it also provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Fed. R. Civ. P. 43(a). "Using the discretion afforded by FRCP 43(a), courts have allowed testimony to be presented at trial via video-conference where there existed 'good cause and compelling circumstances' to do so."  *Argonaut Ins. Co. v. Manetta Enters., Inc.*, No. 19-CV-482, 2020 WL 3104033, at *1 (E.D.N.Y. June 11, 2020) (collecting cases).

### 2. Application

Plaintiff Benitez "was deported . . . and may not legally reenter the United States, *see* 8 U.S.C. § 1326(a), thus easily satisfying Rule 43(a)'s requirement." *Lopez v. Miller*, 915 F. Supp. 2d 373, 396 n.9 (E.D.N.Y. 2013); *see* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ( "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons . . . but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time."). While Defendants take issue with Benitez testifying remotely and Jankovic traveling to New York "at a substantial cost and expense to be present for trial," (Doc. 192 at 2), "[t]he legal infeasibility of attending a . . . trial in person because of one's immigration status rises to the level of compelling circumstances since [Plaintiff Benitez] cannot be compelled to attend without either securing requisite authorization or violating immigration laws," *Angamarca v. Da Ciro, Inc.*, 303 F.R.D. 445, 447 (S.D.N.Y. 2012).

Courts in this Circuit have found an exception to Rule 43(a) to be proper, and have permitted plaintiffs to be deposed remotely or appear remotely for trial, where they are unable to legally enter the United States due to their immigration status. *See, e.g.*, *Monserrate v. K.K. Mach. Co. Inc.*, No. 10-3732, 2013 WL 1412194, at *1 (E.D.N.Y. Apr. 8, 2013) (permitting plaintiff to testify remotely at trial regarding FLSA and NYLL claims by video-conference because he was an undocumented immigrant and thus unauthorized to return to the United States); *Angamarca*, 303 F.R.D. at 448 (holding that plaintiff who was an undocumented immigrant and thus unauthorized to return to the United States was not required to appear in person for a trial regarding FLSA claims); *Junjiang Ji. v. Jling Inc.*, No. 15-CV-4194, 2017 WL

7

6501865, at *2, *3 (E.D.N.Y. Dec. 19, 2017) (permitting plaintiff to testify remotely at trial regarding FLSA and NYLL claims by video-conference because he was an "undocumented low wage worker . . . who risks arrest by his attendance" and noting that "[t]he opposite conclusion would create an incentive for employers to hire and take advantage of undocumented low wage workers because job losses might cause them to leave the country and thereby forfeit their statutory rights."); *id.* at *2 ("Indeed, low wage workers in wage and hour litigation have been permitted to testify remotely from abroad where the travel would have caused substantial hardship and where their ability to appear may have been impeded by their immigration status." (collecting cases)); *Stephens v. 1199 SEIU*, No. 07-CV-596, 2011 WL 2940490, at *3 (E.D.N.Y. July 19, 2011) (allowing plaintiff's deposition to be conducted telephonically because she had been deported); *Tangtiwatanapaibul*, 2017 WL 10456190, at *3 allowing plaintiff's deposition to be conducted remotely by videoconference because plaintiffs were "legally barred from reentering the United States"); *Hernandez v. Day Break Inc.*, No. 15-CV-6693, 2018 WL 11489812, at *2 (E.D.N.Y. Nov. 9, 2018) (noting the "well-recognized exception" allowing a party to testify remotely if they are "unable to enter the country legally"); *Haimdas v. Haimdas*, 720 F. Supp. 2d 183, 187 (E.D.N.Y. 2010) (noting previous court order permitting plaintiff to testify virtually at trial because she previously overstayed her tourist visa to the United States and was therefore unable to obtain a visa for trial);; *see also Lopez*, 915 F. Supp. 2d at 396 n.9 (allowing video-conference testimony for an evidentiary hearing from a witness who could not legally reenter the United States).

It is "more than merely inconvenient" for Benitez to testify in person and his "inability to lawfully enter the United States constitutes good cause in a compelling circumstance." *Monserrate*, 2013 WL 1412194, at *1. Thus, I GRANT Plaintiffs' motion to permit Benitez to testify remotely at trial by video-conference.

### C. The Parties Shall Propose Appropriate Safeguards for Benitez's Remote Testimony

Defendants express "concerns regarding the limitations on a cross-examination" if Plaintiff Benitez were permitted to appear remotely for trial, (Doc. 187), including "who, if anyone might be present but out of view and might be coaching the witness, technical delays or difficulties, inability or hinderance in ascertaining body language or facial cues in connection with responses to inquiries, etc. – all of which bear on the jury's ability to determine the credibility of the witness," (Doc. 192). I "recognize[] that there are procedural and administrative hurdles that accompany witness testimony via videoconference technology; hence, the additional requirement under Rule 43(a) that "appropriate safeguards" are in place when a witness testifies remotely." *Medina v. Angrignon*, No. 15-CV-427, 2024 WL 108669, at *4 (W.D.N.Y. Jan. 10, 2024); *see id.* (collecting cases that "provide examples of 'appropriate safeguards'" that courts in this Circuit have "employed or planned to employ at trial"); *see also Jling Inc.*, 2017 WL 6501865, at *3 (noting that "[a] video connection for trial, where all parties are present, will allow the trier of fact to assess credibility while subjecting [the plaintiff] to cross-examination" and describing the trial procedures the Court will follow to "safeguard against any outside influence"); *Monserrate*, 2013 WL 1412194, at *1–2 (describing the trial procedures the Court will follow to "ensure appropriate safeguards are established"). "While the Advisory Committee Notes to Rule 43 note that the 'importance of presenting live testimony in court cannot be forgotten,' as long as good cause exists, and it is not merely inconvenient for a witness to attend trial, the exception can be utilized." *Monserrate*, 2013 WL 1412194, at *1 (quoting Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment). As explained above, I find that good cause exists to allow "contemporaneous transmission from a different location," Fed. R. Civ. P. 43(a), for Benitez to testify during the trial by videoconference with appropriate safeguards. *See supra* § II.B.ii.

9

Thus, the parties shall meet and confer and provide agreed upon procedures that must be followed in order to ensure appropriate safeguards are established in the trial, including: (i) the date and manner by which the parties will exchange all exhibits that may be used in Benitez's examination, in either direct, cross, or re-direct; (ii) the date and manner by which the parties will deliver any documents that may be presented to Benitez during his examination, in either direct, cross, or re-direct; (iii) the date and time that the technology will be tested in my courtroom before trial is set to commence;[2] (iv) confirm that Plaintiffs will bear all costs associated with the establishment of any video-conference connections; (v) the manner by which the parties agree to use a certified translator for Benitez's examination, in either direct, cross, or re-direct, to ensure that Benitez can be heard and understood; (vi) confirm that no person other than the videographer, if any, and, if necessary, a certified translator, may be present in the room with Benitez during the time that he testified, nor may any person be in communication with Benitez during his testimony, other than the Court and the examining attorneys; (vii) confirm that Benitez's current country of residence permits remote testimony; (viii) the manner by which the parties will confirm Benitez's identity before trial and on the record if needed; (ix) the manner by which the parties will confirm that Benitez is able to see the bench, jury box, and attorneys when they approach; and (x) the procedures to be followed in the event of an interruption in the video feed.

### III.  Conclusion

For the foregoing reasons, the Court exercises its discretion under Fed. R. Civ. P. 43(a) to GRANT Plaintiffs' letter motion that Benitez's trial testimony be conducted remotely by video-conference, (Doc. 187). Defendants' request to dismiss Benitez's claims for lack of standing,

---

[2] The technology must be tested before Friday, September 5, 2025. Counsel should contact my Courtroom Deputy to arrange the test in Courtroom 518 of the Thurgood Marshall U.S. Courthouse, 40 Foley Square, New York, NY 10007.

(Doc. 189), is DENIED.

IT IS FURTHER ORDERED that the parties shall meet and confer and submit a joint letter, no later than September 2, 2025, proposing a joint protocol for Benitez's remote testimony.  *See supra* § II.C.

IT IS FURTHER ORDERED that the telephonic pretrial conference scheduled for September 2, 2025 at 2:00 pm shall be rescheduled to September 3, 2025 at 2:00pm.  The dial-in number is 1-855-244-8681 and the access code is 2309 3085 835.  There is no attendee ID.

SO ORDERED.

Dated:     August 29, 2025
           New York, New York

*[signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge