UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                              :

JUAN ZAMORA & LUIS BENITEZ,     :
                              :

                 Plaintiffs,     :
                              :                18-CV-419 (VSB)

          - against -          :
                              :                    **<u>ORDER</u>**

LJUBICA CONTRACTORS LLC &     :
PREDRAG JANKOVIC,              :
                              :

                Defendants.   :
                              :
--------------------------------------------------------X

<u>VERNON S. BRODERICK, United States District Judge</u>:

On August 15, 2025—approximately three weeks before trial was set to begin on September 8, 2025 and four days after I held a telephonic conference to discuss the trial, (*see* Doc. 185)—Plaintiffs' counsel filed a letter requesting permission for Plaintiff Luis Benitez ("Benitez") to testify remotely because Benitez was "recently removed from the United States by immigration authorities." (Doc. 187.) The August 15, 2025 letter was the first indication that Benitez was not located in the United States, and would not be available to testify in person at trial. On August 29, 2025, following briefing by the parties regarding Benitez's request to testify remotely, I granted Plaintiff's motion that Benitez's trial testimony be conducted remotely by video and scheduled a telephonic pretrial conference for September 3, 2025. (Doc. 193.) On September 2, 2025, Plaintiffs' counsel filed a letter indicating that "Benitez is located in Mexico" and that "additional permission may be required prior to him [] testifying remotely. . . because Mexico is one of the countries that is part of the Hague Evidence Convention, which may require consent from the Mexican Central Authority for Benitez to testify remotely." (Doc. 194.) On the September 3, 2025 pretrial conference, I stated that I would adjourn the trial to allow Plaintiffs to secure the

requisite consent from the Mexican Central Authority for Benitez's remote testimony and requested status updates. Later that day, I issued an order adjourning the trial to December 1, 2025 and directing the parties to submit a joint letter addressing whether Plaintiffs received the required consent from the Mexican Central Authority for Benitez to testify remotely by October 20, 2025. (Doc. 195.)

On October 20, 2025, Plaintiffs' counsel filed a letter stating that they submitted a request on September 12, 2025 to the Mexican Central Authority for Benitez to testify remotely and that despite "inquir[ing] multiple times by both email and phone regarding the status of the request, . . . Plaintiffs still ha[d] not received consent for Luis Benitez to testify remotely." (Doc. 197.) Plaintiffs' counsel asked for permission to provide a further status update by November 3, 2025, (*id.*), which I subsequently granted, (Doc. 198). On November 3, 2025, Plaintiffs' counsel filed a letter stating that they still had not received correspondence from the Mexican Central Authority and asked for permission to provide a further status update by November 17, 2025, (Doc. 199), which I subsequently granted, (Doc. 200). On November 17, 2025, Plaintiffs' counsel filed a letter that they still had not received correspondence from the Mexican Central Authority and proposed rescheduling the trial to May 2026. (Doc. 201.) On November 24, 2025, I issued an order rescheduling the trial from December 1, 2025 to May 4, 2026 and directing the parties to submit a joint letter addressing whether Plaintiffs received the required consent from the Mexican Central Authority for Benitez to testify remotely by April 6, 2026. (Doc. 203.)

On April 6, 2026, Plaintiffs' counsel filed a letter stating that they still had not received correspondence from the Mexican Central Authority and requested leave to submit a further status update in ninety days and that the trial be adjourned. (Doc. 204.) On April 7, 2026, I issued an order adjourning the trial sine die and requested the parties to submit a joint letter addressing

2

whether Plaintiffs received the required consent from the Mexican Central Authority for Benitez to testify remotely by June 5, 2026.  (Doc. 205.)

On June 1, 2026, Plaintiffs' counsel filed a letter stating that they still had not received correspondence from the Mexican Central Authority, noting that "Plaintiffs' counsel has been unable to reach Plaintiff Benitez for approximately ten (10) months despite repeated attempts," and requesting that "this matter should proceed to trial solely on Plaintiff Zamora's claims" "[i]n light of Plaintiff Benitez's and the Mexican Central Authority's continued lack of responsiveness." (Doc. 208.)  On June 2, 2026, I issued an order scheduling a telephonic conference to discuss the status of this case and Mr. Benitez's desire to remain a plaintiff in this action.  (Doc. 209.)  I also directed Plaintiffs' counsel to "use all reasonable methods to make sure that Mr. Benitez is aware of this Order (including email, telephone, and overnight mail) and of his obligations to attend the telephonic conference at the above date and time" and further directed Plaintiffs' counsel to "file a declaration regarding his efforts to contact Mr. Benitez and a certificate of service of this Order by June 8, 2026."  (*Id.*)

On June 5, 2026, a paralegal from Plaintiffs' counsel's law firm, Jenie Mariani, filed a declaration regarding her attempts to contact Benitez in response to my June 2, 2026 order.  (Doc. 210.)  Ms. Mariani called, texted, and emailed Benitez using telephone numbers and email addresses that counsel had on file, but was unable to reach Benitez.  (*Id.* ¶¶ 3–8.)  Ms. Mariani also mailed a copy of my June 2, 2026 order to Benitez by overnight Federal Express at his last known address in Bronx, New York, and subsequently received a call from Benitez's wife.  (*Id.* ¶¶ 9–12.)  Benitez's wife learned about my June 2, 2026 order when she received Plaintiffs' counsel's mailing, and advised that "Benitez had been unresponsive because he is presently in ICE detention at the Valverde detention facility in Texas." (*Id.* ¶ 12.)  Benitez's wife also advised that he "would

be able to attend the telephonic conference but only for fifteen minutes, given restrictions at the detention center." (*Id.*)

On June 10, 2026, I held a telephonic conference.  Plaintiffs' counsel, C.K. Lee ("Lee"), indicated that Benitez had been in immigration detention since June 2025, despite indicating in August 2025 that Benitez was "recently removed from the United States by immigration authorities," (Doc. 187), and was "located in Mexico," (Doc. 194).  Lee indicated that he was not aware how long Benitez had been detained by immigration authorities, the status of Benitez's immigration case, or whether Benitez filed a writ of habeas corpus with respect to his immigration detention.  Lee further indicated that Benitez is represented by counsel in his immigration case and that Lee is attempting to get in contact with Benitez's immigration counsel.  Lee also explained that he previously believed Benitez was in Mexico because he received information about Benitez's whereabouts from the other Plaintiff in this action, Mr. Zamora.  Approximately fifteen minutes into the telephonic conference, Lee indicated that Benitez was able to call from the detention facility, was present on another phone line, and was listening in to the telephonic conference.  Lee also stated that a Spanish translator was on the phone line and was available to translate for Benitez.  I asked Benitez whether he wished to continue being a plaintiff in this matter, to which he responded affirmatively, according to the translator.  Defendants' counsel indicated that he intends on making an application in connection with what he alleges is Benitez's failure to prosecute the case and to request that Benitez be dismissed from the case.  Accordingly, it is hereby:

ORDERED that Plaintiffs' counsel file a declaration by **July 13, 2026** providing the following information:

    1)  A timeline regarding Benitez's detention by immigration officials, including:  (a) when and where Benitez was detained last year; (b) whether Benitez was deported

4

after he was detained last year; (c) whether Benitez has been detained in the United States since he was detained last year; (d) when and how Plaintiffs' counsel was notified about Benitez's detention and/or deportation; and (e) whether there is any indication about the timeline for Benitez's deportation to Mexico or his release from the custody of the United States immigration officials.

2) An update regarding Plaintiffs' request to the Mexican Central Authority for Benitez to testify remotely, and whether, in light of the fact that Benitez is in the United States, there are any legal ramifications for the previous request made to the Mexican Central Authority from the fact that Benitez was not located in Mexico at the time of the request.

3) A summary of Plaintiffs' counsel's communications with Benitez, including: (a) when and how Plaintiffs' counsel last connected with Benitez prior to June 10, 2026; (b) when and how Plaintiffs' counsel attempted to connect with Benitez over the past several months since they last connected; and (c) Plaintiffs' counsel's subsequent conversations with Benitez regarding whether he intends to continue participating as a plaintiff in this action.

IT IS FURTHER ORDERED that, by **July 13, 2026**, Plaintiffs' counsel shall file a letter, under seal, providing Benitez's A# (Alien Registration Number) assigned by the Department of Homeland Security, the contact information for Benitez's immigration counsel, and the case information for Benitez's habeas petition, if any.

IT IS FURTHER ORDERED that, by **July 27, 2026**, Defendants shall file any motion related to Benitez's alleged failure to prosecute.

SO ORDERED.

Dated:      June 10, 2026
            New York, New York

Vernon S. Broderick
United States District Judge

6